ELLIOTT, Appellant,

v.

GENERAL MOTORS CORPORATION et al., Appellees.

[Cite as *Elliott v. General Motors Corp.* (1991), 72 Ohio App.3d 486.]

Court of Appeals of Ohio,
Marion County.

No. 9-89-58.

Decided Feb. 11, 1991.

*Charley Hess,* for appellant.

*Vorys, Sater, Seymour & Pease* and *Robert E. Tait,* for appellees.

---

SHAW, Presiding Judge.

This is an appeal by the plaintiff-appellant, Porter Elliott, from a judgment entry of the Common Pleas Court of Marion County, granting the motion of defendant-appellee General Motors Corporation to enforce settlement.

The instant case arose from a breach of warranty complaint by the plaintiff against the defendant and Inskeep Oldsmobile Buick, GMC, Inc., concerning performance and repair of the plaintiff's 1986 GMC truck.

A trial was scheduled for May 8, 1989. However, on May 5, 1989, Frederick Ziegler, then counsel for the plaintiff, accepted the defendant's five thousand dollar offer of settlement. Following this oral settlement agreement, counsel for the defendant prepared and forwarded settlement documentation to attorney Ziegler for the plaintiff's execution. However, these documents were never executed and subsequent to the May 5, 1989 alleged settlement agreement, the plaintiff dismissed attorney Ziegler and on May 31, 1989, counsel for the defendant was notified by letter that the plaintiff was repudiating the settlement.

Next, the plaintiff filed an affidavit, taken on August 16, 1989, further repudiating the settlement and alleging that he had not given attorney Ziegler the authority to settle with the defendant for five thousand dollars. In the meantime, the defendant filed a motion and accompanying letter to enforce the alleged settlement agreement of May 5, 1989.

On August 22, 1989, the plaintiff filed a memorandum opposing the defendant's motion to enforce settlement and on August 28, 1989, the defendant filed a reply to the plaintiff's memorandum.

On November 2, 1989, without a hearing, the trial court granted the defendant's motion to enforce settlement and it is this decision which the plaintiff now appeals, presenting two issues for review.

The plaintiff's first issue is as follows:

"1. Did the trial court commit error when it dismissed appellant's complaint after enforcing the alleged settlement of appellant's claims based upon false representations by appellant's former counsel that a compromise had been reached and that appellant had authorized a settlement?"

In *Klever v. Stow* (1983), 13 Ohio App.3d 1, 13 OBR 1, 468 N.E.2d 58, the court considered an attorney's authority to settle a case and in paragraph one of the syllabus held the following:

"Absent specific authorization, an attorney has no implied or apparent authority, merely by virtue of a general retainer, to compromise and settle his client's claims, nor can a court compel settlement or by its imprimatur validate a settlement which is otherwise unenforceable. However, when the parties agree to a settlement offer, this agreement cannot be repudiated by either party, and the court has authority to sign a journal entry reflecting the agreement and to enforce the settlement."

The authorization for an attorney to settle a client's claim need not be express, but may be ascertained from the surrounding circumstances. See Annotation (1953), 30 A.L.R.2d 944. In the case before us, the plaintiff was aware of the settlement discussions between attorney Ziegler and the defendant's attorney and in his affidavit of August 16, 1989, the plaintiff conceded that he would agree to settle for five thousand dollars cash along with other specific provisions.

The plaintiff was further aware that attorney Ziegler had settled the case on May 5, 1989, and the plaintiff did not object to this until May 6, 1989, "after having thought about attorney Ziegler supposedly settling my case * * *".

Based on the foregoing, we find that there is a factual dispute as to whether the plaintiff gave attorney Ziegler the authority to settle his case.

The plaintiff's second issue presented for consideration is as follows:

"2. Did the trial court commit error when it refused appellant an oral hearing on the issue of the alleged settlement so that appellant could test and the trier of fact could assess the credibility of attorney Ziegler as well as.the credibility of appellant?"

In *Bolen v. Young* (1982), 8 Ohio App.3d 36, 8 OBR 39, 455 N.E.2d 1316, the court considered an issue similar to that presented by the plaintiff in paragraphs one and two of the syllabus:

"1.  A trial judge may not adopt his understanding of a settlement agreement as a judgment of the court without an evidentiary hearing, where the terms of that agreement previously had not been memorialized in the court's records.

"2.  If the settlement agreement is extrajudicial in the sense that the trial judge is advised that the parties have agreed to the settlement, but he is not advised of the terms of the agreement, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract. Relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Civ.R. 15(E), setting out the alleged agreement and breach."

Civ.R. 15(E) governs supplemental pleadings and provides the following:

"Supplemental Pleadings.  Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.  Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.  If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor."

We find that the case at bar is analogous to the situation discussed above in *Bolen.*  While our case differs in that the trial judge was apparently advised of the terms of the alleged settlement agreement, we find that the other factors closely parallel *Bolen* and that the trial court erred in simply adopting and journalizing the alleged settlement agreement.

Therefore, to this extent, the plaintiff's first and second assignments of error are well taken.  Further, in accordance with the holding of *Bolen, supra,* the judgment of the trial court is vacated with instructions to allow the defendant an opportunity to file a supplemental pleading pursuant to Civ.R. 15(E), setting forth the affirmative defense of settlement and/or a claim in breach of contract.

*Judgment vacated and*
*cause remanded.*

THOMAS F. BRYANT and EVANS, JJ., concur.