OPINION
Plaintiff-appellant Brinkr, Inc. appeals the May 10, 1999, Judgment Entry of the Stark County Court of Common Pleas which granted defendant-appellee, United Riggers, Inc. Motion to Enforce for Settlement.
 STATEMENT OF THE FACTS AND CASE
The underlying action in this case involved a contract for the installation of a radio tower in Canton, Ohio. Plaintiff-appellant Brinkr, Inc. [hereinafter appellant] filed a Complaint in which it alleged that defendant-appellee United Riggers, Inc. [hereinafter appellee] breached the contract. Appellant also made claims for breach of express and implied warranties, promissory estoppel, fraud, and unlawful seizure of property. Appellee filed an Answer denying the allegations and set forth a Counterclaim. The counterclaim alleged that appellant maliciously destroyed certain equipment owned by appellee and interfered with the business relationships appellee had with other entities. The EMC Insurance Company [hereinafter EMC] initiated a claim for reimbursement of its payments to its insured, appellee, as a result of the equipment alleged to have been stolen by appellant. EMC named appellant as a defendant, as well as Jackson Station, Jack Koury and Jack Ambrozic as defendants. The lawsuits were consolidated and a jury trial was scheduled for October 26, 1998. Attorney Fredrick Pitinii filed a substitution of counsel indicating that he now represented appellant, Brinkr Inc., Jack Koury, Jack Ambrozic and Jackson Station, Inc. Several weeks before the trial of the matter, pursuant to a meeting between Attorney Pitinii and Jack Koury and pursuant to Mr. Koury's instructions, Attorney Pitinii contacted counsel for appellee regarding settlement. Appellee advised appellant's counsel that any settlement would be limited to a mutual dismissal of all claims of all parties in the consolidated action. This offer was accepted by counsel for appellant pursuant to his instructions from Mr. Koury. In an Entry approved by counsel for appellant, counsel for EMC and counsel for appellee, all claims were dismissed with prejudice. The Judgment Entry of Dismissal was signed by the trial court and filed October 21, 1998. However, a dispute arose relative to the execution of the mutual release. The mutual release was circulated following dismissal with prejudice of the lawsuits. The mutual release was signed by appellee, EMC and Jack Koury. However, it was not signed by a representative of appellant, Jack Ambrozic or Jackson Station Inc. On December 18, 1998, appellee filed a motion requesting that the trial court enforce the settlement and further requested that the court require appellant to execute the mutual release. Appellant responded that there was no meeting of the minds and, therefor, no contract existed. The lower court held two evidentiary hearings on the matter. At the hearings, appellant argued that Jack Koury, appellant's secretary-treasurer, was not authorized to speak on behalf of the corporation or the other parties. The hearings demonstrated that Jack Koury signed an affidavit as an officer of appellant verifying the complaint and was the representative of appellant sent by the parties to the pre-trial and the mediation. Attorney Pitinii testified that Jack Koury was the contact person with respect to appellant and his other clients for all discussions regarding the case. Although Mr. Ambrozic, president of Brinkr Inc., testified that he did not believe that Jack Koury could speak for appellant, he admitted that he did not have any direct dealing with Attorney Pitinii relative to the settlement nor advised him not to settle the claims. Further, Mr. Ambrozic admitted that all dealings with Attorney Pitinii regarding this litigation were had through Jack Koury. Jack Koury testified that he authorized Attorney Pitinii to settle but that authorization was contingent upon approval of the other parties. Subsequently, Mr. Koury was the only party represented by Attorney Pitinii to sign the mutual release. In a Judgment Entry filed May 10, 1999, the lower court found that Jack Koury was acting on behalf of appellant with regard to all settlement negotiations and that he had authority to settle this case on behalf of appellant.
 ASSIGNMENT OF ERROR
I. THE TRIAL COURT ERRED IN ENFORCING THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES AS APPELLANTS' FORMER COUNSEL DID NOT HAVE AUTHORITY TO SETTLE.
 I
Appellant argues that the trial court erred in enforcing the settlement, as Attorney Pitinni did not have authority to settle the case. We disagree. The standard of review to be applied to rulings on a motion to enforce a settlement agreement is whether or not the trial court erred, as the issue is a question of contract law. Continental West Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501, 502. Therefore, Ohio appellate courts must determine whether the trial court's order is based upon an erroneous standard or a misconstruction of the law. See, Mack v. Polson Rubber Co. (1984),14 Ohio St.3d 34; Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36
. Accordingly, the question before this court is whether the trial court erred as a matter of law in dismissing the motion to enforce the settlement agreement. Absent specific authorization, an attorney has no implied or apparent authority, merely by virtue of a general retainer, to compromise and settle his client's claims. Morr v. Crouch (1969), 19 Ohio St.2d 24,249 N.E.2d 780, paragraph two of the syllabus. Nor can a court compel[468 N.E.2d 62] settlement or by its imprimatur validate a settlement which is otherwise unenforceable. Id. at 27,249 N.E.2d 780. See, also, Noroski v. Fallet, supra. However, when the parties agree to a settlement offer, this agreement cannot be repudiated by either party, and the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement. Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36,285 N.E.2d 324 [60 O.O.2d 20]; and Morform Tool Corp. v. Keco Industries, Inc., supra. See, also, Teitelbaum Holdings, Ltd. v. Gold (1979), 48 N.Y.2d 51, 421 N.Y.S.2d 556, 396 N.E.2d 1029; Cummins Diesel Michigan, Inc. v. The Falcon (C.A.7, 1962),305 F.2d 721; McKenzie v. Boorhem, supra; and Cunningham v. Iowa-Illinois Gas Electric Co., supra. The authorization for an attorney to settle a client's claim need not be express, but may be ascertained from the surrounding circumstances. Elliott v. General Motors Corporation et al. (1991), 72 Ohio App.3d 486, 488,595 N.E.2d 463. In the case sub judice, the trial court found that Jack Koury was acting on behalf of Brinkr, Inc. in regard to all settlement negotiations and that he had authority to settle the case on behalf of Brinkr, Inc. The trial court further found that Attorney Pitinni had his clients' authority to settle when he entered into the agreement for his clients. The record reflects that Attorney Pitinii testified that Jack Koury expressly authorized him to settle the case. Attorney Pitinii further testified that Jack Koury was the "contact person" with respect to Brinkr, Inc. and his clients for all discussions regarding this case. Mr. Ambrozic testified that all dealings with Mr. Pitinii regarding the litigation were through Jack Koury. Jack Koury signed an affidavit as an officer of Brinkr, Inc. verifying the Complaint. Stark County Local Rule 16.07, parties must send representatives with authority to settle to the mediation. The trial court, through Judgment Entry filed April 23, 1998, ordered that "persons needed to resolve this case shall be present . . . " at the mediation. Jack Koury was the only representative of Brinkr Inc. to attend the mediation. We agree with the trial court that Brinkr Inc., Jack Koury, Jack Ambrozic and Jackson Station, Inc. represented to the trial court and to Attorney Pitinii that Jack Koury had full authority to settle this case on their behalf. Evidence adduced at the evidentiary hearings supports the finding that Attorney Pitinii entered a settlement agreement with the authority of his clients, as expressed through Jack Koury. We find that the trial court did not error as a matter of law in granting the motion to enforce the judgment entry. Appellant's sole assignment of error is denied.
The Judgment of the Stark County Court of Common Pleas is affirmed.
WISE, P.J. and EDWARDS, J. concurs