MORFORM TOOL CORP., APPELLEE *v* KECO INDUSTRIES, INC., APPELLANT.

(No. 11579—Decided December 13, 1971.)

*Messrs. Kyte, Conlan, Wulsin & Vogeler,* for appellee.
*Messrs. Steer, Strauss, White & Tobias,* for appellant.

SHANNON, J. This is an appeal upon questions of law from a judgment of the Hamilton County Municipal Court.

Morform Tool Corporation, appellee, commenced suit upon an account against Keco Industries, Inc., appellant, seeking to recover for certain shaft adapters Morform had manufactured for the use of Keco and supplied in part. After admitting that both plaintiff and defendant were Ohio corporations, Keco denied, generally, Morform's allegations set forth in its petition. Ultimately, the case came on for trial without the intervention of a jury.

After plaintiff rested, the trial was recessed and, during the hiatus, counsel for the parties agreed upon a settlement. Basically, the agreement provided that Keco would pay an amount less than that claimed and Morform would deliver the balance of the shaft adapters. The court was advised of the compromise and informed that an entry of dismissal would be presented.

Thereafter, counsel for Keco advised counsel for Morform that the president of Keco "would not go along with the settlement agreement." Morform then filed a "motion to enforce settlement agreement and for an award of interest, punitive damages and attorneys fees," together with an affidavit in which counsel for Morform set forth his recollection of the acts and events upon which the compromise was reached. Keco, in response, filed a verified "motion to resume trial to permit defendant to present its evidence" claiming, *inter alia*, that Keco's inspection of the shaft adapters to be delivered revealed that they did not meet the specifications originally agreed upon.

The court overruled Keco's motion and granted that of Morform, entering judgment for Morform in the sum agreed upon in the compromise, plus interest from the date upon which the court had been advised of the settlement. The entry is silent as to the claims for punitive damages and attorneys fees. It is from the judgment and the order overruling Keco's motion for a new trial that this appeal is taken.

The appellant assigns the following as error:

1. The court refused to grant a new trial or, in the alternative, refused to resume the trial to permit appel-

lant to present its evidence therein that there was a failure of consideration.

2. The court refused to grant a new trial or, in the alternative, to permit appellant to present evidence in the trial that the product did not conform to specifications.

3. The court granted the motion to enforce the settlement.

4. The court abused its discretion in denying appellant opportunity to present evidence to justify its refusal to consummate the settlement.

These assignments of error raise one fundamental question. What action was to be taken by the trial judge when it was advised that the settlement apparently reached would not be consummated?

At that time, the trial was in recess. None of the issues had been determined, and absent the advice of the parties that a settlement had been reached, there was nothing to prevent the defendant from going forward with its defense. Beyond question, the trial court retained jurisdiction of the case. See *All States Investors, Inc.,* v. *Bankers Bond Co.* (C. C. A. 6 1965), 343 F. 2d 618.

When the plaintiff filed its motion and supporting affidavit, however, a new element entered the case. Plaintiff then sought relief on a new ground, to-wit, breach of the settlement agreement, rather than to press forward upon its claim based upon the account. Much in the guise of an answer to the claim of breach of contract, the motion of the defendant raised the issue of breach of warranty as a defense. Essentially, then, the court below was confronted with what was, in the broad sense, a new case.

We agree with the general principle that a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced. See *Cummins Diesel Michigan, Inc.,* v. *The Falcon* (C. C. A. 7 1962), 305 F. 2d 721 at page 723. Further, a compromise or settlement of litigation is always referable to the action in the court where the compromise was effective and it is through the court that the carrying

out of the agreement should thereafter be controlled. *Melnick* v. *Binenstock* (1935), 318 Pa. 533.

The trial court had full jurisdiction to do one of two things. It could have gone forward with the case to determine liability upon the account. Defendant might have sought to amend its answer to plead breach of warranty but there is, from the record before us, nothing from which it can be concluded that the original action was not in progress. The trial court, just as well, could have opted to proceed upon the motion to enforce the settlement agreement.

When the latter course was chosen, however, the court was under a duty to resolve the issue of fact raised by defendant's response to the motion. Because the settlement agreement was conditioned, the court was obliged to determine whether the conditions had been met before granting a judgment upon the terms of the agreement. The court could not act summarily. It had the duty and authority to adjudicate the issues presented in its enforcement.

Therefore, we hold that the assignments of error are well taken. Where the parties to an action advise the court, during trial, that a compromise has been reached but such agreement is not thereafter consummated, the court must either resume the trial or, where the agreement is conditioned, and apparently genuine issues of fact exist with respect thereto, conduct a hearing to adjudicate the issues presented in its enforcement.

Therefore, the judgment of the Hamilton County Municipal Court is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

HESS, P. J., and YOUNG, J., concur.