JOURNAL ENTRY AND OPINION
Peter Grubic, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, Case No. D-248511, in which the trial court entered a judgment of divorce that defendant-appellant claims was substantially different than the in-court agreement reached by the parties and read into the record. Defendant-appellant assigns three errors for this court's review.
Defendant-appellant's appeal is well taken.
Peter Grubic, defendant-appellant, and Mary Jane Grubic, plaintiff-appellee, were married on June 30, 1984. Three children were born as issue of the marriage, Victoria (d/o/b May 11, 1985), Elizabeth (d/o/b July 25, 1986) and Anna (d/o/b November 29, 1989).
On July 19, 1996, plaintiff-appellee filed a complaint for divorce against defendant-appellant. Subsequently, defendant-appellant filed an answer and counterclaim.
After extensive motion practice regarding discovery of both parties' financial records, the case came on for trial on November 6, 1997. On November 7, 1997, the parties were able to reach an agreement concerning the division of marital property, allocation of parental rights and responsibilities and all other attendant issues arising in the divorce. The parties apparently reached this agreement without the assistance of counsel. The terms of the in-court settlement agreement were then read into the record by plaintiff-appellant's counsel. Both parties acknowledged the agreement with counsel on the record in the presence of the trial court. Plaintiff-appellee's counsel then prepared a judgment entry of divorce allegedly in accordance with the terms of the in-court agreement and the stated intentions of the parties.
On November 18, 1997, plaintiff-appellee's counsel served defendant-appellant with a copy of the proposed judgment entry via messenger. On November 20, 1997, defendant-appellant filed a motion to rescind the in-court agreement entered into on November 7, 1997, with respect to payment of health insurance, expenses and tuition for elementary, secondary and college education of the parties' minor children. Defendant-appellant also requested an oral hearing on the motion to rescind. It was defendant-appellant's position that the agreement itself was not freely entered into, but was the product of extreme duress caused by threats against defendant-appellant's life from plaintiff-appellee's brother who was allegedly indicted for conspiracy to commit murder as a result, a deteriorating relationship with his own children caused by plaintiff-appellee, an ongoing terminal illness in his own family and alleged doubts that the trial court had allegedly expressed regarding defendant-appellant's credibility as a witness.
On December 5, 1997, the trial court denied defendant-appellant's motion to rescind without an oral hearing and approved the judgment entry of divorce. The final entry was journalized that same day. Subsequently, on December 8, 1997, defendant-appellant filed a letter with the trial court in which he set forth a number of alleged inconsistencies between the oral in-court agreement read into the record on November 7, 1997, and the final judgment entry of divorce journalized on December 5, 1997. In total, defendant-appellant alleged nineteen separate instances where the final judgment entry did not comport with the in-court agreement. Among those identified were inconsistencies with defendant-appellant's access to real estate and personal property, defendant-appellant's health and life insurance obligations, defendant-appellant's obligation concerning certain unidentified educational expenses, defendant-appellant's debt obligations, defendant-appellant's business obligations and rights as well as the general omission of certain key words from a number of paragraphs contained within the agreement. The trial court took no action as a result of defendant-appellant's correspondence.
On December 31, 1997, defendant-appellant filed a timely notice of appeal from the December 5, 1997 judgment of the trial court.
Defendant-appellant's first assignment of error states:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ENTERING A FINAL JUDGMENT WHICH DID NOT ACCURATELY REFLECT THE TERMS OF THE SETTLEMENT AGREEMENT REACHED BY THE PARTIES IN OPEN COURT AND APPROVED BY THE COURT.
Defendant-appellant's third assignment of error states:
 III. THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO RESCIND THE FINAL JUDGMENT AND REQUEST FOR ORAL HEARING BASED UPON THE PERPETRATION OF A FRAUD UPON THE COURT BY COUNSEL FOR THE PLAINTIFF, AND A BREACH OF THE SETTLEMENT AGREEMENT BY THE PLAINTIFF.
Having a common basis in both law and fact, this court shall consider defendant-appellant's first and third assignments of error simultaneously. Defendant-appellant argues, through his first and third assignments of error, that the trial court improperly adopted the proposed judgment entry of divorce since the final judgment entry fails to accurately reflect the terms of the in-court settlement agreement of November 7, 1997. Defendant-appellant argues further that the trial court improperly denied his motion to rescind the settlement agreement as well as the motion for an oral hearing. It is defendant-appellant's contention that plaintiff-appellee's counsel perpetrated a fraud upon the trial court and defendant-appellant by unilaterally inserting clauses into the proposed judgment entry which were not included in the in-court settlement agreement and omitting various parts of the in-court settlement agreement that failed to benefit plaintiff-appellee.
It is defendant-appellant's position on appeal that the judgment entry in question contains at least eleven material inconsistencies which were not part of the settlement agreement originally read into the trial court record on November 7, 1997. Defendant-appellant identifies the alleged inconsistencies as follows: (1) there was no agreement that defendant-appellant would give a note and mortgage on his commercial property to plaintiff-appellee to secure payment of defendant-appellant's $20,000 settlement obligation; (2) there was no agreement that defendant-appellant would need prior written approval to enter the rental property located in Cleveland; (3) there was no agreement that defendant-appellant would pay his health insurance obligation on the first day of each month; (4) there was no agreement as to the trial court's retention of jurisdiction over the National Life Insurance Policy funds; (5) there was no agreement that defendant-appellant would deliver the policies of insurance to plaintiff-appellee nor was there an agreement regarding notification of plaintiff-appellee as to the due dates and payment of premiums on the policies; (6) the agreement that the parties were to consult with each other prior to incurring educational costs for the children was omitted from the final entry; (7) plaintiff-appellee's obligation to hold defendant-appellant harmless on all debts and financial obligations associated with the former marital residence and rental property was omitted from the final entry; (8) there was no agreement that all relevant documents would be executed within five days; (9) defendant-appellant only agreed to pay the American Express account in his name; (10) there was no agreement that defendant-appellant had already paid off certain debts set forth in the agreement nor was there an agreement that defendant-appellant's obligation to pay certain debts was actually support in nature; and (11) there was no agreement that the trial court would retain jurisdiction to award plaintiff-appellee spousal support in the event defendant-appellant filed for bankruptcy. Defendant-appellant contends that the judgment entry in this instance is not an accurate reflection of the in-court agreement reached by the parties and, therefore, the trial court committed reversible error by entering this new agreement as the final judgment of divorce.
Defendant-appellant argues further that the trial court erred by denying his motion to rescind the settlement agreement as well as the motion for an oral hearing. It is defendant-appellant's contention that plaintiff-appellee's counsel perpetrated a fraud upon the trial court and defendant-appellant by unilaterally inserting a clause in the judgment entry providing for a mortgage on defendant-appellant's commercial property as security for defendant-appellant's $20,000 settlement obligation. This argument was not raised at any time in defendant-appellant's motion to rescind the settlement agreement but was raised in defendant-appellant's follow up correspondence to the trial court on December 8, 1997.[1]
It is well established that a trial court may enter a judgment that reflects an agreement that is read in open court into the record. Zigmont v. Toto (1988), 47 Ohio App.3d 181, 185,547 N.E.2d 1208, citing Bolen v. Young (1982), 8 Ohio App.3d 36, 37,455 N.E.2d 1316; Flash v. Flash (April 9, 1998), Cuyahoga App. No. 72319, unreported. In Thomas v. Thomas (1982), 5 Ohio App.3d 94,96, 449 N.E.2d 478, the Fifth District Court of Appeals, in dealing with a similar factual scenario, determined that where "a party has initiated negotiations leading to an `in-court' settlement stipulation incorporating essentially all of his demands, he should not be permitted to contend that the court in approving and adopting the bargain he struck has acted so unfairly as to constitute an abuse of discretion as a matter of law." Id. at 98, 449 N.E.2d 478.
Similarly, where the parties to a divorce or separation enter into a settlement agreement through an agreed judgment entry, the law of contract applies. Vasilakis v. Vasilakis (June 20, 1996), Cuyahoga App. 68763, unreported, citing Dubinsky v. Dubinsky
(Mar. 9, 1995), Cuyahoga App. Nos. 66439, 66440, unreported. Contracts, including settlement agreements, do not need to be fair and equitable to be binding and enforceable, so long as they are not produced by fraud, duress, overreaching or undue influence. Vasilakis, supra; Walther v. Walther (April 5, 1995), Hamilton App. Nos. C-930681, C-940028, unreported. See, also,Mack v. Polson Rubber Co. (1984), 14 Ohio St.3d 34.
Settlement agreements are generally favored in the law. Where parties enter into a settlement agreement in the presence of the trial court, such an agreement constitutes a binding contract.Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36. "Neither a change of heart nor bad legal advice is a ground to set aside a settlement agreement." Walther, supra. Therefore, in the absence of fraud, duress, overreaching or undue influence or of a factual dispute over the existence of the terms in the agreement, the trial court may adopt the settlement agreement as its final judgment. See Vasilakis, supra.
In order to rescind a settlement agreement reached in the presence of the trial court, a party must move to set aside the agreement. Givens v. Donato (May 18, 1994), Summit App. No. 16492, unreported. If such a motion is not filed, the trial court may properly enter a judgment reflecting the agreement. Spercel,supra, at paragraph two of the syllabus. However, this is only true where there are no allegations of fraud, duress, undue influence or of any factual dispute concerning the existence or the terms of a settlement agreement. Mack v. Polson Rubber Co.
(1984), 14 Ohio St.3d 34, 37, 470 N.E.2d 902, 905. When such allegations are present, the trial court should conduct an evidentiary hearing to adjudicate the issues in dispute. MorformTool Corp. v. Keco Industries, Inc. (1971), 30 Ohio App.2d 207,284 N.E.2d 191; Bolen v. Young (1982), 8 Ohio App.3d 36,455 N.E.2d 1316.
In the case sub judice, a review of the entire record from the trial court demonstrates that, not only are there allegations of duress set forth in defendant-appellant's motion to rescind, but there are numerous allegations of fraud and attendant factual disputes regarding the actual terms of the settlement agreement as opposed to the final judgment entry of divorce as journalized by the trial court. One such dispute centers around the clause in the final judgment entry which requires defendant-appellant to provide plaintiff-appellee with a mortgage on defendant-appellant's commercial property as security for his $20,000 settlement obligation. The record does not contain any evidence of the existence of such an agreement at the time the parties entered into the in-court settlement on November 7, 1997. Clearly, this constitutes an apparent material inconsistency between the in-court settlement and the final judgment entry approved by the trial court. A similar factual dispute exists as to the trial court's retention of jurisdiction over the administration of the funds in the American National Life Insurance policy which was also not part of the in-court settlement of November 7, 1997. In light of these and other apparent factual disputes regarding the inconsistency between the terms of the in-court settlement agreement of November 7, 1997 and the final judgment entry of divorce prepared by plaintiff-appellee's counsel and journalized by the trial court on December 5, 1997, as well as the allegations of duress set forth in defendant-appellant's motion to rescind, this court finds that, at the very least, the trial court should have conducted an evidentiary hearing on defendant-appellant's motion to rescind in order to fully address the validity of defendant-appellant's allegations.
For the foregoing reasons, this court finds that defendant-appellant's first and third assignments of error are well taken.
Defendant-appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED BY ADOPTING AS ITS FINAL JUDGMENT THE APPELLEE'S PROPOSED JUDGMENT ENTRY WHICH MISREPRESENTS THE ASSETS AND LIABILITIES OF THE PARTIES, AND WAS THEREFORE NOT FAIR, JUST, AND EQUITABLE.
Defendant-appellant argues, through his second assignment of error, that the trial court erred by adopting the final judgment entry of divorce in which the assets and liabilities of the parties were not accurately represented. Specifically, defendant-appellant maintains that he would not have agreed to pay $20,000 to plaintiff-appellee as a part of the divorce settlement if he had known that an automobile and certain automobile parts he was to receive from plaintiff-appellee were damaged and worth considerably less than previously thought. Essentially, defendant-appellant contends that the trial court failed to make a proper determination that the terms of the settlement agreement were fair, just and equitable as required by R.C. 3105.171. Given this court's disposition of defendant-appellant's first and third assignments of error, defendant-appellant's remaining assignment of error is hereby rendered moot pursuant to App. R. 12(A)(1)(c) and will not be addressed by the court at this point in time.
Judgment of the trial court is hereby reversed and remanded for further proceedings consistent with this court's opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________ MICHAEL J. CORRIGAN JUDGE
ROCCO, P.J., and BLACKMON, J., CONCUR.
[1] Plaintiff-appellee maintains that this issue has been rendered moot by various proceedings which have occurred in the trial court since defendant-appellant has filed his notice of appeal. However, as this information is not properly part of the appellate record, this court will not now consider any effect of subsequent proceedings which may have taken place. See State v.Ishmail (1978), 54 Ohio St.2d 402; Mancino v. Lakewood (1987),36 Ohio App.3d 219.