DECISION.
Plaintiff-appellant, Frank J. Catanzaro Sons Daughters, Inc. ("Catanzaro"), appeals from the judgment of the trial court granting the motion of the defendants-appellees, Donald Hershner and Trio Food Distributors, Inc., to enforce a settlement agreement. Bringing forth two assignments of error, Catanzaro asserts that the trial court erred as a matter of law by (1) granting the motion, which sua sponte modified the terms of an agreed judgment entry, without first vacating it pursuant to Civ.R. 60(B) or conducting an evidentiary hearing, and (2) determining that a settlement agreement existed apart from the agreed judgment entry. Concluding that the trial court lacked jurisdiction to entertain the motion to enforce a settlement, we reverse the court's judgment and remand this cause for further proceedings.
On February 5, 1998, Catanzaro filed suit against Trio Food Distributors Inc., and its shareholders, Donald Hershner, Randy Hershner and Martin Hershner, jointly and severally, alleging that Trio Food owed approximately $22,160.87 for goods sold and delivered to the corporation from June 13, 1996, to July 4, 1996. A trial date was set for May 3, 1999, but on April 22, 1999, the parties reached a settlement agreement, and counsel signed an agreed judgment entry that was submitted to the court for its approval. On April 30, 1999, the trial court, adopting the settlement agreement as its own order, journalized the agreed judgment entry, which called for Trio Foods and Donald Hershner (collectively, "Hershner") to pay $22,160.87 and dismissed, with prejudice, claims against Randy and Martin Hershner.[1] On May 12, 1999, and June 15, 1999, Catanzaro filed certificates of judgment against Hershner in both Franklin County and Richland County, and began efforts to execute on the judgment on September 21, 1999.
On March 12, 2000, Hershner filed a motion to enforce a settlement or, in the alternative, to grant relief from judgment, maintaining that Catanzaro was violating the settlement agreement by trying to execute on the April 30, 1999, judgment. Attached to the motion were affidavits in which Hershner and his trial counsel stated that the settlement, in addition to granting judgment against Hershner, prohibited Catanzaro from executing on the judgment, and that the judgment was intended to be satisfied if and when Hershner sold real estate located in the counties where the certificates of judgment had been filed. Hershner also submitted correspondence between his counsel and Catanzaro's counsel, alleging that the terms discussed in the correspondence concluded a settlement agreement. Catanzaro's response was that the settlement agreement was embodied solely in the agreed judgment entry, and that the entry clearly did not prohibit Catanzaro from enforcing its judgment. On July 12, 2000, the trial court, which only considered the motion to enforce a settlement, ruled in favor of Hershner, ordered Catanzaro to "cease any and all collection efforts," and prohibited Catanzaro "from undertaking any attempts to enforce the Certificate of Judgment." It is from this ruling that Catanzaro now appeals.
Under its first assignment of error, Catanzaro argues that the trial court did not have the authority, when entertaining the motion to enforce a settlement, to sua sponte modify the terms of the April 30, 1999, agreed judgment entry without first vacating it pursuant to Civ.R. 60(B). We agree.
Initially, after reviewing the trial court's orders in this case, we conclude that the terms of the April 30, 1999, agreed judgment entry were modified by the court's later ruling. The original action ended in a final judgment when the trial court journalized the agreed judgment entry on April 30, 1999, and awarded monetary damages to Catanzaro. "A judgment is final, effective and imbued with a permanent character when filed with the clerk pursuant to Civ.R. 58."[2] The trial court's order granting the motion to enforce a settlement essentially vacated the April 30 agreed judgment entry by prohibiting Catanzaro from "undertaking any attempts to execute the judgment." As this court has explained, however, except in cases involving a lack of subject-matter jurisdiction, a court has no inherent power to modify, suspend or vacate its own judgment.[3]
The Ohio Rules of Civil Procedure ordinarily limit relief from judgment to motions specifically provided for in the rules, such as a motion made pursuant to Civ.R. 60(B).[4] The civil rules do not allow for the use of a motion to enforce a settlement as a vehicle for relief from judgment. Therefore, it was improper for the trial court here to modify its judgment without vacating it first pursuant to Civ.R. 60(B).
Hershner maintains that the trial court, under its discretion to enforce its own order, did not modify the agreed judgment entry but merely took appropriate steps to enforce the settlement agreement it had adopted in that entry. Under these circumstances, Hershner contends that the trial court retained jurisdiction to consider a motion to enforce a settlement. Regardless of whether the agreed judgment entry was modified, we are unpersuaded that the trial court had jurisdiction to hear the motion to enforce a settlement.
It is well settled that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation, and that such agreements are valid and enforceable by either party.[5] In Bolen v.Young,[6] the Tenth Appellate District addressed the appropriate avenue for seeking enforcement of a settlement agreement, stating that "relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Civ.R. 15(E), setting out the alleged agreement and breach."[7] A motion to enforce a settlement made pursuant to Civ.R. 15(E) may only be filed prior to the entry of a final judgment.[8] Thus, a motion to enforce a settlement is inappropriate after an entry adjudicating all the claims in dispute has been journalized.[9]
In the present case, the trial court effectively terminated the action by journalizing the agreed judgment entry awarding money damages to Catanzaro. As the action was terminated, the trial court lost jurisdiction to hear the motion to enforce a settlement. But Hershner still had the option to file a separate breach-of-contract claim to enforce the purported settlement agreement.[10]
Hershner does cite to several cases, including Hines v. Zofko,[11]
that hold that a trial court retains jurisdiction to enforce a settlement agreement after the court has journalized an entry of dismissal.[12]
This authority is based on the proposition that settlement is a condition of dismissal, and that the court has the jurisdiction to ensure that the condition will occur.[13] The entry in the case sub judice is not fundamentally one of dismissal. In dismissal cases, the journal entry ordinarily reads "case settled and dismissed" and does not include the terms of the settlement. Here, the agreed judgment entry did not merely dismiss the case, but adopted the settlement agreement as the court's own order and affirmatively awarded damages to Catanzaro.[14] Essentially, the settlement agreement here was reduced to judgment. Any settlement terms agreed to by the parties needed to be included in the judgment entry. Here, the entry granting a monetary judgment was unconditional and, thus, terminated the case. At that point, the trial court had no further jurisdiction.
Therefore, as the trial court lacked the authority to enforce the settlement agreement alleged by Hershner, we sustain Catanzaro's first assignment of error. Our disposition of the first assignment of error renders the second assignment moot.
The trial court's July 12, 2000, order enforcing a settlement agreement and ordering Catanzaro to cease collection efforts is hereby reversed, and this cause is remanded to the trial court for further proceedings in accordance with law and this decision.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] Randy and Martin are sons of Donald Hershner.
[2] Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 83,523 N.E.2d 851, 854, quoting Cale Products, Inc. v. Orrville Bronze Aluminum Co. (1982), 8 Ohio App.3d 375, 378, 457 N.E.2d 854, 857.
[3] Cantley v. Island Leasing Co. (July 21, 2000), Hamilton App. No. C-990766, unreported.
[4] Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 380,423 N.E.2d 1105, 1107; Cale Products, supra, at 378-379, 457 N.E.2d at 378-379; In the Matter of the Estate of Cone (July 22, 1987), Hamilton App. No. C-860494, unreported.
[5] See Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36,285 N.E.2d 324; Morform Tool Corp. v. Keco Industries, Inc. (1971),30 Ohio App.2d 207, 284 N.E.2d 191.
[6] (1982), 8 Ohio App.3d 36, 455 N.E.2d 1316.
[7] Bolen, 8 Ohio App.3d at 38, 455 N.E.2d at 1318.
[8] See Mack v. Polson Rubber Co. (1984), 14 Ohio St.3d 34,470 N.E.2d 902.
[9] See Putnam v. Hogan (Feb. 23, 1995), Franklin App. No. 94APE07-1089, unreported.
[10] See Bolen, supra; Grange Mutual Casualty Co. v. Paterson (Nov. 19, 1999), Ashtabula App. No. 98-A-0086, unreported.
[11] (Mar. 22, 1994), Trumbull App. No. 93-T-4928, unreported.
[12] See id.
[13] See Grange Mutual Casualty Co, supra; State ex rel. ContinentalMortgage Services, Inc. v. Kilbane-Koch (Jan. 4, 1999), Cuyahoga App. No. 75267, unreported; Hines, supra.
[14] Hershner maintains that there were terms of the settlement missing from the agreed judgment entry and that the trial court had "incorporated" the entire settlement agreement, which contained these missing terms. But, the entry did not state that it was "incorporating" a separate agreement, but that it was "adopting the agreement as its own order." Further, there were no additional documents attached to the agreed judgment entry containing the terms of the agreement. Finally, Hershner's counsel signed the agreed judgment entry, thereby approving its content.