JOURNAL ENTRY AND OPINION
Plaintiff-appellant Jeffrey Horvitz and the Jeffrey Horvitz Foundation appeal from a judgment entered by the Common Pleas Court which ordered them to accept a $500,000 settlement from the defendant-appellee Mitchell Shaheen. The appellants contend the Common Pleas Court entered the wrong judgment and erred in denying appellants' motion for relief from judgment. After considering the facts and the law, we remand for a hearing.
The history of the case reveals that Mr. Horvitz, an art collector, arranged a loan to Mr. Shaheen, an art dealer. The arrangement provided a promissory note for Mr. Shaheen to sell some art pieces to Mr. Horvitz. It also stipulated for Mr. Shaheen to purchase some art pieces from Mr. Horvitz in exchange for Mr. Shaheen's promise to pay Mr. Horvitz the sum of $864,000. The arrangement also included a signed option for Mr. Horvitz's girlfriend to purchase three art pieces from Mr. Shaheen below cost. The promissory note was assigned to the Horvitz Foundation by Mr. Horvitz.
In December 1997, the Horvitz Foundation brought an action in the Common Pleas Court alleging Mr. Shaheen had defaulted on the note. Mr. Shaheen responded by filing an answer and a counterclaim against both the Horvitz Foundation and Mr. Horvitz. The trial court granted Mr. Shaheen's motion for summary judgment declaring the note unenforceable and limited Mr. Shaheen's obligation to the $400,000 he already repaid to the Horvitz Foundation.
Both parties appealed because the trial court did not address the issue of the artwork that had been transferred between the parties. This court's conference attorney negotiated a settlement of the case in which Mr. Shaheen would pay $500,000 to Mr. Horvitz on or before July 28, 2000, in exchange, Mr. Horvitz would reconvey title and possession of the artwork from the original arrangement. The case was remanded and the parties filed a joint Civ.R. 60(B) motion requesting an order vacating the final judgment. The trial court granted the parties until August 31, 2000 to submit a consent judgment entry disposing of the case. The first consent judgment entry stated the parties' claims had been settled and dismissed and ordered Mr. Horvitz to transfer ownership of the artwork from the original arrangement back to Mr. Shaheen. The second consent judgment entry stated if $500,000 was not paid to Mr. Horvitz a judgment of the same amount would be entered in favor of Mr. Horvitz, and Mr. Shaheen would not receive back his art.
On July 31, 2000, Mr. Shaheen filed a motion to enforce settlement and sought a hearing. Mr. Shaheen asserted his attorney presented a check in the amount of $500,000 to Mr. Horvitz's attorney on July 28, 2000. The funds were still in the process of being transferred to the account and the check would clear in the normal negotiation time. However, Mr. Horvitz's accountant presented the check to Mr. Shaheen's bank on July 29, 2000, a Saturday, and was informed the funds were not all collected but would be on the next banking day.
On August 1, 2000, the trial court signed the first consent judgment entry, which settled and dismissed the parties' claims and ordered Mr. Horvitz to transfer back the ownership of the artwork. On August 15, 2000, Mr. Horvitz and the Horvitz Foundation filed a motion for relief from judgment pursuant to Civ.R. 60(B)(3) and (5), asserting Mr. Shaheen had defaulted and the court should have signed the second consent judgment entry. On August 30, 2000, Mr. Shaheen filed a motion to deposit the $500,000 with the trial court for safekeeping. The trial court granted Mr. Shaheen's motion the same day and denied the motion for relief from judgment filed by Mr. Horvitz and the Horvitz Foundation. From that order, Mr. Horvitz and the Horvitz Foundation now appeal and raise two assignments of error for our review.
The first assignment of error states:
I. THE TRIAL COURT ERRED IN ENTERING THE CONSENT JUDGMENT ENTRY IN FAVOR OF SHAHEEN
In this case, appellee filed a motion to enforce the settlement by seeking a hearing. According to Malform Tool Corp. v. Keco Indus., Inc. (1971), 30 Ohio App.2d 207, the court must determine whether the conditions had been met before granting a judgment upon the terms of the agreement. Further, the trial court has the duty and authority to adjudicate the issues presented when requested to enforce a settlement. Id. at 210.
Accordingly, we have concluded the trial court should have conducted a hearing to determine which consent judgment entry to sign. Therefore, we remand this case to the trial court in order to hold a hearing.
The second assignment of error states:
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING AND DENYING APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B).
Based on our disposition of the first assignment of error, the issue raised in this assignment of error is moot. App.R. 12(A)(1)(c).
Judgment remanded.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., CONCUR.