[Cite as *In re K.Y.*, 2020-Ohio-4140.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|                        |   |            |
|------------------------|---|------------|
| IN RE K.Y.,            | : | No. 109111 |
|                        | : |            |
| [Appeal by Father A.K.] | : |            |
|                        | : |            |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 20, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 10 108019

---

### *Appearances:*

Ellen S. Mandell, *for appellee.*

Denman & Lerner Co., L.P.A., and John S. Salem, *for appellant.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} A.K. ("Father") appeals the juvenile court's decision or order adopting an agreed judgment entry signed by T.Y. ("Mother") concerning the visitation and

parenting time of the parties' child, K.Y. Father assigns the following error for our review:

I. It was error for the trial court to adopt the proposed Agreed Judgment Entry submitted by mother.

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

**Facts and Procedural History**

{¶ 3} This custody case has been ongoing in juvenile court since 2010, and in 2011, the court approved a shared parenting plan between Mother and Father. Subsequently, numerous disputes arose between Mother, Father, and the paternal grandmother, and on August 24, 2015, the court terminated shared parenting and granted Mother legal custody of K.Y. with a visitation schedule for Father. The contentious relationships continued, and in December 2016, the juvenile court issued a restraining order against the paternal grandmother, which this court ultimately reversed. *See In re: K.A.Y.*, 8th Dist. Cuyahoga No. 106788, 2019-Ohio-68. Additionally, Mother and Father negotiated a settlement agreement to resolve various parenting issues.

{¶ 4} On October 23, 2018, Father filed a motion to show cause and a motion to reinstate his parenting time, alleging that Mother violated the visitation order. The parties were unable to resolve this dispute, and the court scheduled a hearing on Father's motions for April 26, 2019. On the day of the hearing, the court

ordered Mother and Father to resume settlement negotiations. The parties allegedly reached an agreement, the terms of which are not part of the record.

{¶ 5} On June 20, 2019, the court issued a journal entry, which states in part as follows:

> This matter came before this court on April 26, 2019 for [a hearing] upon Father's Motions for Reinstatement of Visitation Time, Motion to Show Cause for Custody and Attorney Fees.
>
> * * *
>
> The parties represented to the court that they have reached a final settlement of all of their differences raised by the foregoing pleadings and requested that the settlement be adopted by the Court as the orders herein. The parties stated their settlement upon the open record of the Court.[1] The court finds that the parties entered into their settlement knowingly, voluntarily and intelligently and that the same is fair and equitable as to the parties and in the best interest of the child.
>
> Now, therefore, the court adopts the parties' settlement as the orders herein. Counsel for the parties are to submit for journalization to this Court within **thirty (30) days** of the date hereof the written judgment entry reflecting the settlement. * * *

(Emphasis sic.)

{¶ 6} On September 10, 2019, the juvenile court issued another journal entry adopting an agreed judgment entry signed by Mother and her attorney and labeled as "Court's Exhibit A." It is from this journal entry that Father appeals.

---

[1] Although a hearing was scheduled for April 26, 2019, it does not appear that the hearing went forward. Rather, the court allegedly ordered the parties to settle. Nonetheless, there is no transcript for this court to review. Whether the parties stated the terms of the settlement on the record remains disputed.

## Standard of Review

{¶ 7} A trial court has the authority to adopt settlement agreements that have been voluntarily entered into by the parties. *Mack v. Polson Rubber Co.,* 14 Ohio St.3d 34, 36, 470 N.E.2d 902 (1984). However, "the trial court's determination in a custody proceeding is, of course, subject to reversal upon a showing of an abuse of discretion." *Miller v. Miller,* 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).

{¶ 8} Prior to discussing Father's assigned error, we note that both parties allege that they "submitted" proposed agreed judgment entries per the juvenile court's order. Neither party filed a proposed agreed judgment entry with the court. The only agreed judgment entry that is part of the record is "Court's Exhibit A," which was signed by Mother and her attorney and attached to the September 10, 2019 journal entry that is being appealed.

{¶ 9} Father attached a proposed agreed judgment entry that he and his attorney signed to his appellate brief; however, we cannot consider this document on appeal, because it is not part of the record before us. "This court cannot consider matters dehors the record. An exhibit attached to an appellate brief and not filed with the trial court is not part of the record." (Citation omitted.) *Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 95673, 2011-Ohio-351, ¶ 10.

## Meeting of the Minds

{¶ 10} Father first argues on appeal that there was no meeting of the minds between the parties, and therefore, the court had no "authority to adopt mother's proposed agreement over father's proposed agreement." Father's argument that

there was "no meeting of the minds" is somewhat confusing, however, because he also argues that the parties reached a settlement. In his appellate brief, Father states that "After lengthy discussions, the parties reached a resolution of their pending motions [and] reported to the court that a settlement had been reached. Said settlement was not reduced to writing on the date of the [hearing], nor was the agreement read into the record. Instead, the parties were given time to submit their written agreement to the court."

{¶ 11} "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16. "The result of a valid settlement agreement is a contract between the parties, requiring a meeting of the minds as well as an offer and an acceptance thereof." *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997). Father's argument that there was no meeting of the minds is inconsistent with his position that a settlement had been reached on the day of the hearing.

{¶ 12} Father next argues on appeal that the juvenile court "was required to conduct [an] independent review and issue separate findings of fact and conclusions of law when adopting mother's proposed agreement over father's proposed agreement." To support this argument, Father cites to R.C. 3109.04(D)(1)(a)(ii) and (iii), which govern pleadings or motions requesting shared parenting. In the case at hand, shared parenting was terminated in 2015, and the issue on appeal in this case

concerns settlement of a visitation dispute. Therefore, R.C. 3109.04(D) does not apply.

{¶ 13} Ohio courts have held that "[w]here the parties to an action advise the court * * * that a compromise has been reached but such agreement is not thereafter consummated, * * * and apparently genuine issues of fact exist with respect thereto, [the court must] conduct a hearing to adjudicate the issues presented in its enforcement." *Morform Tool Corp. v. Keco Industries, Inc.,* 30 Ohio App.2d 207, 210, 284 N.E.2d 191 (1st Dist.1971). *See also Bottum v. Jankovic*, 8th Dist. Cuyahoga No. 99526, 2013-Ohio-4914.

{¶ 14} In the case at hand, Father failed to challenge the alleged settlement in the juvenile court prior to filing this appeal. Father did not raise a factual issue or a dispute regarding the alleged settlement agreement in the juvenile court, nor did he file a motion to enforce settlement. In *Schrock v. Schrock*, 12th Dist. Madison No. CA2005-04-15, 2006-Ohio-748, the trial court signed and adopted the proposed entry filed by one of the parties, "reciting the terms of the parties' agreement." *Id.* at ¶ 41. In affirming the trial court's judgment, the court of appeals stated as follows:

> At no time did appellant contest the terms of the proposed entry or submit an entry of her own drafting. Additionally, when the entry was adopted and filed by the trial judge, appellant failed to seek relief from the additional provisions which she now seeks to avoid. While appellant may have been entitled to an evidentiary hearing had she alerted the court to a dispute with regard to the proposed agreement, appellant failed to raise objection at the trial court level and failed to give the trial court the opportunity to conduct such a hearing on the additional terms of the decree.

*Id.*

{¶ 15} We find the case at hand to be similar to *Schrock.* Father failed to file a proposed agreed judgment entry with the court, failed to request an evidentiary hearing, failed to challenge Mother's proposed entry, and failed to notify the juvenile court that a factual dispute existed. In fact, to this day, Father has failed to identify the factual dispute between the terms of the settlement agreement that the parties allegedly reached on April 26, 2019, and Mother's agreed judgment entry, which the court adopted. No transcript was filed in this appeal; there is no record of what the parties allegedly agreed to on April 26, 2019; and Father failed to supplement the record with an App.R. 9(C) statement of the proceeding below. In other words, Father has waived his right to challenge the settlement on appeal.

> The duty to provide a transcript for appellate review falls upon the appellant. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

*Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 348 (1980).

{¶ 16} Furthermore, "appellants cannot raise new issues on appeal that were not raised in the trial court." *Maust v. Meyers Prods., Inc.,* 64 Ohio App.3d 310, 313, 581 N.E.2d 589 (8th Dist. 1989).

{¶ 17} Accordingly, and based upon the limited record before us, there is no basis upon which this court may conclude that the juvenile court abused its discretion by adopting Mother's proposed judgment entry.

**{¶ 18}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the juvenile court to carry this judgment into execution.  Case remanded to the trial court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_Patricia Ann Blackmon_
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., CONCURS;
LARRY A. JONES, SR., J., DISSENTS
WITH SEPARATE OPINION


LARRY A. JONES, SR., J., DISSENTING:

**{¶ 19}** I respectfully dissent.  I recognize that our review in this case is limited and under the plain-error standard because (1) of the lack of a transcript or App.R. 9(C) statement, (2) there is evidence dehors the record that we are precluded from considering, i.e., the proposed agreed judgment entry Father contends he submitted to the court, and (3) Father failed to challenge the trial court's judgment adopting Mother's proposed agreed judgment entry at the trial court level.

Nonetheless, I believe that, under a review for plain error, this case should be remanded to the trial court for a hearing.[2]

{¶ 20} I initially note that the court allegedly ordered the parties to settle their dispute on April 26, 2019, the day the matter was set for hearing. Whether the parties placed their agreement on the record remains disputed; the possibility that no on-the-record hearing occurred that day may explain the lack of a transcript.

{¶ 21} But more importantly, the judgment the court entered was supposed to reflect an agreement between Mother and Father. An agreed judgment is a binding contract. *State ex rel. Yost v. Summer Rays, Inc.*, 10th Dist. Franklin Nos. 18AP-929 and 19AP-133, 2019-Ohio-3907, ¶ 15. In my view, the entry signed by Mother and her counsel is insufficient to demonstrate a binding agreement between Mother and Father. Moreover, my reading of the trial court's June 29, 2019 entry requiring the parties to memorialize their agreement contemplates that the parties were to collaboratively submit a judgment, rather than each party submitting a proposed entry. Specifically, the June 29 entry reads in relevant part that, "Counsel for the parties are to submit for journalization to this Court * * * *the* written judgment entry reflecting the settlement." (Emphasis added.)

---

[2] "'[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *In the Matter of A.J.S. and R.S.*, 2d Dist. Miami No. 2007 CA 2, 2007-Ohio-3433, ¶ 16, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶ 22} Under the circumstances of this case, I would find that basic fairness requires the case be remanded for a hearing on the terms of the settlement agreement.  Therefore, I dissent.