BOLEN ET AL., APPELLEES, *v.* YOUNG, APPELLANT; DU-RITE CONTRACTORS, APPELLEE.

(No. 82AP-502—Decided October 19, 1982.)

*Mr. Jerry R. Hatton,* for appellees.

*Mr. Henry Maser,* for appellant Young.

*Mr. Dick M. Warburton, Jr.,* for appellee Du-Rite Contractors.

NORRIS, J. Defendant-appellant, Carl Young, appeals from a judgment entered against him and defendant Du-Rite Con-

tractors by the Franklin County Municipal Court. The issue raised by the appeal is whether a trial judge may adopt his understanding of a settlement agreement as a judgment of the court without an evidentiary hearing where the terms of that agreement previously had not been memorialized in the court's records.

Plaintiffs-appellees' complaint sought damages from Young for alleged faulty repair work to the roof of their residence and also sought to hold Du-Rite responsible for poor workmanship in attempting to correct the condition created by Young.

This notation, signed by the judge to whom trial of the case had been assigned, appears on the file jacket: "3/25/82 — Case settled by agreement of all parties — Judgment Entry to follow by 4/16/82." On April 23, 1982, plaintiffs filed a motion seeking "* * * an order compelling the defendants to comply with the verbal settlement agreement reached in this matter * * *," reciting the failure of defendants to approve a judgment entry embodying the terms of the agreement. On May 17, the trial judge signed this notation in the file jacket:

"It being made to appear that the defendant [sic] has failed to comply with the agreement of settlement entered into by the parties on 3/25/82, the Court hereby sustains the plaintiff [sic] motion to compel settlement. Plaintiff [sic] may submit Judgment Entry in accordance with said agreement for the Court's approval."

Young filed a memorandum opposing plaintiffs' motion on May 24, and a memorandum contra from Du-Rite followed on May 25. Both memoranda disputed plaintiffs' understanding of the terms of the agreement, arguing that a final agreement had not been reached.

An entry styled "AGREED ENTRY," which was signed by the trial judge and plaintiffs' counsel, reciting that the case had been settled by agreement of the parties on March 25, and setting out the terms of the agreement which required defendants to perform certain work on plaintiffs' residence, was filed on May 27.

Defendant Young raises two assignments of error which are interrelated and will be combined for purposes of discussion:

"I. The trial court erred in entering judgment for Plaintiffs without hearing any evidence in support of this judgment.

"II. The court abused its discretion in awarding judgment to Plaintiffs based on the compromise and offers to compromise represented to it by Plaintiffs' counsel."

The general rule is that, where the parties to an action voluntarily enter into a settlement agreement in the presence of the trial court, the agreement is a binding contract and may be enforced. *Spercel* v. *Sterling Industries* (1972), 31 Ohio St. 2d 36 [60 O.O.2d 20].

Where the settlement agreement is arrived at by the parties in open court and preserved by being read into the record or being reduced to writing and filed, then the trial judge may, *sua sponte,* approve a journal entry which accurately reflects the terms of the agreement, adopting the agreement as his judgment. *Holland* v. *Holland* (1970), 25 Ohio App. 2d 98 [54 O.O.2d 175]. Where an agreement is purportedly arrived at in the presence of the trial judge and approved by the parties, but its terms are not memorialized on the record and one of the parties later disputes the terms of the agreement by refusing to approve an entry journalizing the agreement, the trial judge may not adopt the terms of the agreement as he recalls and understands them in the form of a judgment entry. Instead, the party disputing the agreement is entitled to an evidentiary hearing before another judge (see Code of Judicial Conduct, Canon 3 C [1][b]) — in which the trial judge may be called as a witness to testify as to his recollection and understanding of the terms of the agreement — and, if the court concludes that the parties entered

38

into a binding contract, the settlement may be enforced. See *Spercel* v. *Sterling Industries, supra.* If the settlement agreement is extrajudicial in the sense that the trial judge is advised that the parties have agreed to a settlement, but he is not advised of the terms of the agreement, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract. Relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Civ. R. 15(E), setting out the alleged agreement and breach.

Because the settlement agreement in this case was not memorialized on the record, the trial court was without authority to enforce it in the absence of one of the evidentiary proceedings alluded to above. Accordingly, the assignments of error are sustained to the extent discussed above, and the judgment of the trial court dated May 27, 1982 is reversed.

*Judgment reversed.*

WHITESIDE, P.J., and STRAUSBAUGH, J., concur.