**Akbar Consulting Corp. v.
M.J. Kelley Co.
Case No. 58057
Cuyahoga County, (8th)
Decided February 15, 1990**
[Cite as 1 AOA 302]

*For plaintiff-appellee, Edward W. Miller, Attorney at Law, 50 Public Square, 400 Terminal Tower, Cleveland, Ohio 44113.*

*For defendant-appellants, John F. Seelie, Attorney at Law, 800 Baker Building, 1940 East Sixth Street, Cleveland, Ohio 44114.*

*PER CURIAM*

This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. The record reveals that the parties herein entered into a stipulated dismissal at defendants' coast. Thereafter, defendants-appellants ceased making payments on the settlement. The plaintiff-appellee moved for execution on the amount prayed in the complaint less any any payments made pursuant to the settlement. The court, without an evidentiary hearing, granted plaintiff-appellee's motion.

The terms of the settlement were not made a part of the record, even though a settlement was reached in a conference in the court's chambers and the court memorialized what is purported to be the settlement's terms on a case file card maintained by the court. *See, * appellee's brief, Exhibit "A," entry for September 22, 1986 (Copy attached as appendix to opinion). This card is not a part of the record, having not been filed with the case, and will not be considered by this court.

Where parties to an action voluntarily enter into a settlement agreement, the agreement is a binding contract and may be enforced. *Spercel* v. *Sterling Industries* (1972), 31 Ohio St. 2d 36. The appellant was entitled to a hearing on the matter since the settlement's terms, which are in dispute, were not part of the record. *See, Bolen* v. *Young* (1982), 8 Ohio App. 3d 36, 37.

Accordingly, the judgment of the trial court is reversed and the matter remanded for a hearing on appellee's motion to enforce the settlement. Such hearing is to be conducted by a judge who was not the trial court judge in the case below so that the original judge is free to testify as a witness at the hearing.

*Judgment reversed and remanded.*

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants recover of appellee their costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

BLANCH EKRUPANSKY, P.J.
FRANCIS E. SWEENEY, J.
THOMAS J. PARRINO, J.[*]

---

[*] Thomas J. Parrino, retired judge of the Eighth Appellate District, sitting by assignment.