OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Gloria J. Allen, appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, wherein the trial court overruled her motion to compel and sua sponte amended the final divorce decree to show that June 21, 1991 was the date in which to determine appellant's interest in appellee's, Thomas J. Allen, pension. For the reasons that follow, we affirm the decision of the trial court.[1]
Appellant and appellee were married on May 25, 1974. One child was born as issue of this marriage. On April 12, 1993, appellee filed a complaint for divorce in the Domestic Relations Division of the Trumbull County Court of Common Pleas.
After reaching a tentative resolution, the parties held a settlement conference on May 17, 1995. At this conference, appellant and appellee arrived at a final agreement on all then pending issues. Both parties, their respective attorneys, and the trial court signed a proposed judgment entry setting out the agreement.
The judgment entry memorializing the agreement contained numerous notes in the margin and handwritten modifications, each of which were initialed by appellant and appellee.[2]
Appellee's former attorney incorporated the agreed-upon modifications and changes into a final judgment entry which the trial court signed on July 3, 1995. The final judgment entry, which is time-stamped July 11, 1995, does not bear appellant's signature. However, the signatures of the trial court, appellee's former attorney, and appellee do appear on the entry.
Appellant subsequently filed a Civ.R. 60(B) motion with the trial court asking that the divorce decree be vacated because it allegedly failed to conform with the parties' proposed agreement. The trial court summarily overruled appellant's motion, and this court upheld this decision on appeal. Allen v. Allen (Sept. 18, 1998), Trumbull App. No. 97-T-0106, unreported, 1998 WL 682396.[3]
In final form, the agreement provided that June 21, 1991 was the date to be used in determining the value of marital property. In accordance with this provision, the value of appellee's PERS account and the value of any stock benefits obtained during the duration of the marriage were to be determined as of June 21, 1991. However, the same final agreement set forth June 21, 1995 as the date through which appellant was entitled to a one-half interest in appellee's pension from Copperweld Steel. No reason was given as to why separate dates were incorporated into the final divorce decree.
As agreed to by the parties, appellant eventually prepared and submitted to the trial court a Qualified Domestic Relations Order ("QDRO") with regards to appellant's interest in appellee's pension. The QDRO was ultimately subject to appellee's approval. However, after appellee refused to sign the document, appellant filed a motion with the trial court to compel appellee's signature.
At a hearing on appellant's motion, appellee's attorney advised the trial court that appellee had refused to sign the QDRO because the order valued appellant's interest in appellee's pension from the date of marriage through June 21, 1995. This conflicted with appellee's understanding that all matters concerning the division of marital property were subject to the June 21, 1991 date. As a result, appellee argued that the date in the final divorce decree concerning appellant's interest in the pension must have been a drafting error on the part of his former attorney.
In response, appellant maintained that the validity of the divorce decree had already been determined, and as a result, appellee should not have been allowed to dispute the accuracy of one of its provisions. After hearing all of the evidence, the trial court concluded that the date in question was a clerical error. Accordingly, the trial court, sua sponte, amended the July 11, 1995 divorce decree to show that appellee's pension should be valued for purposes of determining appellant's interest as of June 21, 1991, and not June 21, 1995.
Appellant filed a timely notice of appeal and raises the following sole assignment of error:
 "The trial court abused its discretion in sua sponte amending the Entry of July 3, 1995, and resetting the date of valuation of Appellant's interest in Appellee's pension plan. [Exhibits `A']."
Appellant contends that the trial court abused its discretion in amending the divorce decree by characterizing the June 21, 1995 date as a clerical error. According to appellant, neither the May 17, 1995 draft judgment entry, nor the final divorce decree, contain any indication that the parties intended the valuation of appellee's pension to be from the date of marriage through June 21, 1991. Furthermore, despite acknowledging that the value of appellee's PERS account and stock options were to be determined by using the June 21, 1991 date, appellant argues that appellee's pension was to be valued by using the June 21, 1995 date in accordance with the final divorce decree.
It is axiomatic that a court has the discretionary power to correct a clerical error pursuant to Civ.R. 60(A). Knaser v.Knaser (July 5, 1991), Lake App. No. 90-L-15-092, unreported, at 2, 1991 WL 123058. Civ.R. 60(A) provides in pertinent part:
 "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."
This rule is applied to inadvertent clerical errors only, and cannot be used to change something which was deliberately done.Knaser at 2.[4]
A "clerical mistake" for purposes of Civ.R. 60(A) refers to "`the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents which may be handled by others. It is atype of mistake or omission mechanical in nature which is apparenton the record and which does not involve a legal decision orjudgment by an attorney.'" (Emphasis in original.) Id., quotingDentsply Internatl., Inc. v. Kostas (1985), 26 Ohio App.3d 116,118. See, also, State ex rel. Litty v. Leskovyansky (1996),77 Ohio St.3d 97, 100.
With the foregoing in mind, the issue before the court is whether the portion of the final divorce decree identifying June 21, 1995 as the date up to which appellant's interest in appellee's pension would be determined amounted to a clerical mistake. That is, was the error mechanical in nature, apparent on the record, and did it involve a legal decision or judgment? Our determination is limited to whether the trial court abused its discretion in characterizing the alleged error as a clerical mistake. The term "abuse of discretion" connotes more than an error of law; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
According to appellant, the parties intentionally assigned separate valuation dates for appellee's PERS account and pension. In support, appellant argues that June 21, 1995 is not an arbitrary date. Instead, appellant maintains that she was to receive an interest in appellee's pension from the date of the marriage through the date of the final entry, which she believes was completed by appellee's former attorney sometime on or about June 21, 1995.
The logic employed by appellant is flawed for several reasons. First, it is apparent from the record that the parties chose a different date from the final hearing as the termination date of their marriage, at least for the purpose of valuing marital property. Under the heading titled DIVISION OF PROPERTY, the divorce decree clearly states that June 21, 1991 would be used for the purpose of determining the value of marital property. This date is significant because it represents the date that the parties first began domestic proceedings in the Trumbull County Court of Common Pleas. Furthermore, June 21, 1991 is also the valuation date used throughout the final divorce decree for every other piece of property, with the exception of appellee's pension.
No explanation is offered in the final divorce decree as to why different valuation dates were chosen for the PERS account and the pension. Furthermore, appellant has failed to indicate, and we are unable to identify, any evidence in the record which would support this decision.
Notwithstanding the above analysis, appellant's argument that June 21, 1995 is the appropriate date because that is when appellee's former attorney drafted the final divorce decree is illogical. Assuming that appellant is correct in arguing that she was entitled to an interest in the pension up through the final entry, that date would be July 3, 1995, the date on which the trial court signed the final divorce decree, and not the date the final divorce decree was allegedly drafted.
We find it troubling that this case went through two complete appellate adjudications without anyone noticing the different dates. Nevertheless, we conclude that listing June 21, 1995 as the valuation date for the pension was a mechanical error "arising from oversight or omission," and not a substantive change in what was originally intended and agreed to in the divorce decree. There is no evidence in the record to suggest that the parties intended to provide for separate valuation dates; nor is there a logical relationship or equitable explanation as to why June 21, 1995 would be used to value the pension while all other property was subject to a different date. As a result, the June 21, 1995 date appears to be a clerical error within the meaning of Civ.R. 60(A).
Consequently, the trial court acted within its power and did not abuse its discretion in sua sponte amending the final divorce decree to show that June 21, 1991 was the date in which to determine appellant's interest in appellee' pension. Appellant's sole assignment of error lacks merit, and the judgment of the trial court is affirmed.
 _________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] These parties have an extensive history with this court involving their 1995 divorce. See Allen v. Allen, case nos. 95-T-5306, 97-T-0106, 97-T-0114, and 98-T-0204.
[2] The record before this court does not contain a copy of the proposed judgment entry with the handwritten modifications. Nevertheless, the proposed judgment entry was included in the case file of one of the earlier appeals, and in fact, was referred to by this court in 97-T-0106. As a result, since the existence of the proposed judgment entry is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, i.e., the entire case file, we take judicial notice of its existence and its contents.
[3] None of the alleged discrepancies involved the date for valuing marital property. As a result, this issue has not been previously adjudicated by this court.
[4] As we noted earlier, the final divorce decree at issue represented a voluntary settlement agreement between the parties, and not a court imposed divorce decree. Notwithstanding this fact, the trial court still had the power to correct a clerical error in the judgment entry because when a settlement agreement is arrived at by the parties in open court and reduced to writing, the trial court may approve a judgment entry which accurately reflects the terms of the agreement, and the trial court may adopt the agreement as its own, Bolen v. Young (1982),8 Ohio App.3d 36, 37, which is what the trial court did here.