DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas, which denied a party's request for discovery and foreclosed post judgment relief. Because we conclude that the trial court abused its discretion in denying discovery, we reverse.
Appellant, Shirley Murray, is successor in interest to C. Hughes in what was a thirty-eight acre parcel of property in Erie County.[1] The property is bounded on either side by the Sheldon Marsh State Nature Preserve which is owned by appellee, Ohio Department of Natural Resources ("ODNR").
In 1992, appellee sought to appropriate ten acres of appellant's land. Lengthy legal proceedings ensued, culminating with a 1999 settlement agreement in which appellee promised to pay appellant a certain sum of money for the property. Appellee also specifically agreed not to oppose a zoning change for appellant's remaining adjoining property.
Even though the settlement agreement was read into the record and approved by the trial court in a judgment entry, appellant appealed its terms. We affirmed the trial court's approval of the agreement. OhioDept. of Natural Resources v. Hughes (Nov. 30, 2000), Erie App. No. E-00-002, unreported. See, also, Ohio Dept. of Natural Resources v.Hughes (2001), 145 Ohio App.3d 202.
According to appellant, while her initial appeal was pending, her petition to rezone the residual property went before the Huron Township Zoning Commission. Appellant maintains that at a September 6, 2000 rezoning hearing, an ODNR officer appeared in uniform and, purportedly on behalf of appellee, objected to the proposed zoning change. The same officer appeared at a subsequent Erie Regional Planning Commission meeting. After that meeting, appellant claims, the commission opposed the zoning change.
On November 27, 2000, appellant moved for leave to pursue discovery for the purpose of exploring whether the appearance of appellee's employee at the hearings constituted a breach of the settlement agreement. Appellee filed a memorandum in opposition. Attached to this memorandum was a letter dated December 8, 2000, from appellee to the Huron Township Zoning Board, stating that appellee was not opposed to the zoning change.
On December 15, 2000, appellant issued a notice of deposition to the ODNR officer who appeared at the zoning hearings. Appellee moved for a protective order, which was granted. Appellant's motion to engage in discovery was ultimately overruled, as was a subsequent motion for "guidance." On June 14, 2001, the court dismissed further consideration of appellant's post judgment remedies.[2]
From that judgment, appellant now brings this appeal. Appellant sets forth the following three assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 THE COURT ERRED BY REFUSING TO PERMIT THE APPELLANT TO ENGAGE IN ANY DISCOVERY. THE COURT SHOULD HAVE FULFILLED ITS TRUTH SEEKING FUNCTION AND ALLOWED THE DEFENDANT TO DOCUMENT FOR THE RECORD THAT THE SETTLEMENT AGREEMENT HAD BEEN BREACHED.
"ASSIGNMENT OF ERROR NO. 2
 THE COURT ERRED BY AWARDING A PROTECTIVE ORDER TO THE BREACHING PARTY, WHEN THERE WAS NO JUSTIFICATION FOR A PROTECTIVE ORDER PRESENTED TO THE COURT.
"ASSIGNMENT OF ERROR NO. 3:
 THE COURT ERRED BY FAILING TO ORDER A HEARING ON THE MOTION FOR GUIDANCE, EVEN THOUGH THERE WAS PROOF BY TESTIMONY OF A BREACH OF THE SETTLEMENT AGREEMENT. THE COURT SHOULD HAVE GRANTED RELIEF TO THE LANDHOLDER."
We shall discuss appellant's assignments of error together.
Ohio discovery rules, like their federal model, are designed to favor the fullest opportunity to perform complete discovery. Stegawski v.Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 85. However, a trial court has discretion in controlling the discovery process. State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 57. Nevertheless, such discretion is not without limits. An appellate court will reverse a trial court's decision to extinguish a party's right to discovery if such a decision is improvident and affects the discovering party's substantial rights. Bellinger v. Weight Watchers Gourmet FoodsCo. (2001), 142 Ohio App.3d 708, 717; Smith v. Klein (1985),23 Ohio App.3d 146, 151; Rossman v. Rossman (1975), 47 Ohio App.2d 103,110.
In this matter, the trial court clearly has extinguished appellant's discovery by denying leave, granting a protective order and foreclosing further consideration of the issue.
Before the trial court and here, appellee argues that appellant's quest for discovery concerning the settlement breach was procedurally flawed because, pursuant to Bolen v. Young (1982), 8 Ohio App.3d 36, she must either initiate a separate action for breach of contract or file a supplemental pleading, pursuant to Civ.R. 15(E) in the pending proceeding. Since appellant did neither of these things, appellee insists, the trial court properly cut off discovery.[3]
As appellant points out, the authority upon which appellee relies is, by its own terms, distinguished from the facts before us. In material part, Bolen held:
 "* * * If the settlement agreement is extrajudicial in the sense that the trial judge is advised that the parties have agreed to the settlement, but he is not advised of the terms of the agreement, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract. Relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Civ.R. 15(E), setting out the alleged agreement and breach." Bolen at 38.
The agreement in this case was not extrajudicial. The parties read the settlement into the record and the trial court adopted the terms of the agreement as the order of the court.
The only issue in the first appeal was whether the agreement was properly formed. We determine that it had been properly agreed to and affirmed that judgment.
Courts have a particular interest in their own judgments and are invested with fundamental and inherent authority to enforce proper orders and judgments. Record Publishing Co. v. Kainrad (1990), 49 Ohio St.3d 296,300. Consequently, an allegation that a party violated an order or decree of the court while the case is still pending should be of great interest to the court.
In this case, appellant came forth with a specific allegation that one of appellee's agents expressly violated the settlement order entered as judgment of the court. Appellant sought discovery to probe whether indeed appellee was responsible for this purported violation of the court's order. The court refused leave for such discovery and ultimately foreclosed further discovery efforts. Thus, the court extinguished discovery, affecting appellee's substantial rights to address a violation of a court order in the pending action. Such extinguishment constitutes an abuse of the court's discretion and requires reversal of the court's order denying discovery. Bellinger, supra; Smith, supra; Rossman,supra.
Accordingly, appellant's first and second assignments of error are well-taken. Appellant's third assignment of error is moot.
On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., concur.
[1] The Erie County Auditor was also a nominal defendant in the case, but is not a party to this appeal.
[2] On May 10, 2001, appellee filed a document captioned a "Motion to Dismiss." The body of this motion seeks dismissal of appellant's post judgment discovery motions. This is the motion sustained by the court in its June 14 order. Whatever the nature of this order, it is a final appealable order pursuant to R.C. 2505.02(B)(4). See, State v. Muncie
(2001), 91 Ohio St.3d 440, 447 et seq.
[3] Appellee also asserts that any discovery issue is not properly before this court because appellant appealed only the order of dismissal and the time for appealing the discovery order has passed. This would be true only if the discovery order was final and appealable when issued. Ordinarily, as here, this is not the case. Estate of Banfield v. Turner
(1999), 131 Ohio App.3d 213, 218, citing State ex rel. Stechman v.Jackson (1994), 70 Ohio St.3d 420, 438. See, also, endnote 2.