I respectfully dissent from the majority's holding in this case. This writer is of the opinion that the majority has placed an evidential burden upon appellee, which, in the factual context of this specific case, was not appellee's to bear.
In its October 12, 2000 judgment entry, the trial court held that "the parties have arrived at a settlement, release of claims and have agreed to the terms of an injunction." The Supreme Court of Ohio has held that where parties "voluntarily enter into an oral settlement agreement in the presence of the court, such agreement constitutes a binding contract."Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, paragraph one of the syllabus. This opinion was embellished by the Tenth Appellate District in Bolen v. Young (1982), 8 Ohio App.3d 36, 38, where that court held that:
 "[i]f the settlement agreement is extrajudicial in the sense that the trial judge is advised that the parties have agreed to a settlement, but he is not advised of the terms of the agreement, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract. Relief may be sought through a * * * a supplemental pleading filed pursuant to Civ.R.15(E), setting out the alleged agreement and breach."
 In the instant matter, on November 30, 2000, appellee filed a motion to enforce the settlement agreement, which contained an outline of the terms of the settlement agreement as understood by appellee. At that point, appellee had clearly placed on the record its view as to what constituted the terms of the settlement agreement. Appellant never filed a response to that motion.
A hearing was held on January 4, 2001, to address appellee's motion. Appellee presented copies of its proposed injunction and general release to the court. Appellant was given an opportunity at that hearing to raise any objections it had to the terms of those documents. The trial court did not prevent appellant from submitting evidence for its consideration.[1] In fact, toward the close of the hearing, the court asked both parties: "Okay, anything else you want to put on the record?" However, appellant failed to avail himself of the opportunity to submit evidence in support of his view of the terms of the settlement agreement. Nor did he demonstrate that the terms of the settlement agreement set forth by appellee were vague or unenforceable.
This writer is unable to discern any error on the part of the trial court. The trial court determined in its October 12, 2000 judgment entry that an agreement had been reached. Appellee filed a motion for enforcement of the settlement agreement, which contained the terms of the agreement as understood by appellee. The trial court held a hearing and permitted both sides to present their views as to what constituted the terms of the agreement. At that hearing, the court reviewed an injunction and a general release prepared by appellee. The court then ruled upon appellee's motion and ordered appellant to execute the documents prepared by appellee.
In view of the fact that appellant never attempted to present any evidence, appellee had no burden to present additional evidence beyond its understanding of the terms of the settlement agreement, which were contained in its November 30, 2000 motion and in the documents presented to the trial court at the January 4, 2001 hearing. To hold otherwise would completely eviscerate the trial court's October 12, 2000 judgment entry, a judgment entry to which no objection has ever been made. Therefore, I would affirm the decision of the trial court.
[1] This case can be factually distinguished from Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 375, where the trial court sustained the defendants' objection to the plaintiff's efforts to admit two exhibits into evidence.