JOURNAL ENTRY AND OPINION
{¶ 1} The appellants, AM Financial Group, Inc., et al., appeal from the judgment of the Cuyahoga County Court of Common Pleas, Civil Division, which enforced the terms of a previously negotiated settlement agreement between the parties without conducting an evidentiary hearing. For the following reasons, the appellants' appeal is not well taken.
 {¶ 2} The instant matter stems from a settlement agreement reached between the parties, AM Financial Group, Inc., et al. ("AM") and The 820 Company, LLC ("820"), on March 6, 2002. Specifically, the stipulation for dismissal and judgment entry stated:
 {¶ 3} "We, the attorneys for the respective parties, do hereby stipulate that the within matter has been settled, agreement to follow. Costs to plaintiff and that the court may enter an order accordingly, notice by the clerk being waived."
 {¶ 4} The judgment entry was signed by the lower court judge, counsel for 820, and former counsel for AM. Thereafter, in memorializing the agreement, it is alleged by AM that an agreement had not, in fact, been reached. Apparently, although the parties had agreed to a settlement of $55,000, Alfred J. Feronti, president of AM, refused to sign the agreement, both individually and as president of AM, because of his sudden rejection of a term in the agreement which prevented him from personally encumbering his residence without 820's consent prior to 820 being paid the agreed settlement amount.
 {¶ 5} Therefore, on April 2, 2002, 820 filed a motion to vacate the judgment and requested that the matter immediately be set for trial. On April 3, 2002, the lower court modified the motion to vacate to a motion for enforcement of the settlement agreement and set a hearing on that motion. On April 16, 2002, AM's new counsel, counsel for 820, and the lower court judge met in chambers to discuss the motion to enforce the settlement agreement. Thereafter, the lower court granted said motion and entered judgment enforcing the terms of the settlement agreement as requested by 820.
 {¶ 6} The appellants present five assignments of error for this court's review. Their first and second assignments of error have a common basis in both law and fact, thus, they will be addressed together. They state:
 {¶ 7} "I. The Trial Court Erred By Granting Its Own Motion To Enforce The Settlement Agreement Without Conducting An Evidentiary Hearing Before Another Judge."
 {¶ 8} "II. The Trial Court Erred By Enforcing A Purported Settlement Agreement When No Such Agreement Existed."
 {¶ 9} The appellants ague that the lower court erred in failing to conduct an evidentiary hearing prior to enforcing the previously negotiated settlement agreement. They claim that because the terms of the settlement agreement were allegedly reached in the presence of the lower court judge, the judge was required to institute an evidentiary hearing before another judge in which the trial judge may be called as a witness to testify as to his recollection and understanding of the terms of the agreement. See Bolen v. Young (1982), 8 Ohio App.3d 36.
 {¶ 10} In Bolen, the Tenth District Court of Appeals held that a trial judge may not adopt the terms of the (settlement) agreement as he recalls and understands them in the form of a judgment entry without first conducting an evidentiary hearing before another judge in which the trial judge may be called as a witness to testify as to his recollection and understanding of the terms of the agreement. Id. at 36-37. In following Bolen, the appellants argue that the lower court judge, because he was present when the settlement was reached, must be called as a material witness to testify as to his recollection. This argument is without merit.
 {¶ 11} First, the facts of Bolen are clearly distinguishable from the matter at hand. In Bolen, the material terms of the settlement agreement were clearly in dispute, and the trial court judge was a necessary witness in the determination of the obligations of each party in relation to the settlement agreement. In the case at hand, the material terms of the settlement agreement are not in dispute; rather, the appellants simply contest the inclusion of a single term in the agreement which effectively encumbers the appellants' right to transfer property prior to the discharge of their obligation to the appellee. The agreement was clearly reached, as reflected by the dismissal entry of March 6, 2002. In memorializing the agreement, it is clear that the appellants unilaterally determined that the previously agreed provision regarding encumbering the appellants' property be stricken.
 {¶ 12} In the absence of allegations of fraud, duress, undue influence, or of any factual dispute concerning the existence or the terms of a settlement agreement, a court is not bound to conduct an evidentiary hearing prior to signing a journal entry reflecting the settlement agreement. Morform Tool Corp. v. Keco Industries, Inc. (1971), 30 Ohio App.2d 207. At the April 16 hearing, the lower court judge was offered the written settlement agreement, which reflected the terms previously agreed to by the parties. The lower court's statement on the record reflecting the previously negotiated settlement is as follows: "The court was present for the settlement negotiations between the parties on March 6, 2002, and the parties agreed that a provision of the agreement was that the defendant's ability to encumber his home would be effected until he paid the moneys due under the agreement." Volume 2732, pg. 914.
 {¶ 13} Since the only point of contention between the parties is the encumbrance provision, it was not necessary to conduct a hearing as outlined in Bolen, supra. The lower court judge in the matter at hand was not a material witness, nor were the provisions of the agreement in dispute at the time of settlement on March 6, 2002.
 {¶ 14} In Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36, the party to a settlement agreement refused to comply with its terms and filed a petition to vacate the agreement. The Ohio Supreme Court refused to allow the unilateral recision of the settlement agreement solely on the basis that the party seeking recision had changed his mind and become dissatisfied with the agreement. "To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though, as we have already determined, the agreement is of a binding force. Id. at 40.
 {¶ 15} To note, this court is aware that in Spercel, supra, the settlement agreement was entered into in the presence of the court. Nonetheless, we do not believe that this distinction is of any consequence to the matter at hand because the lower court judge was present for the settlement negotiations, and the memorialization of the agreement was merely a formality, as evidenced by the agreement of both parties to dismiss the matter on March 6, 2002.
 {¶ 16} Last, the appellants failed to formally request an evidentiary hearing before the lower court. The motion to vacate was filed by the appellee and, as in Spercel, supra, "the record is silent as to any request by the appellant for an evidentiary hearing to adjudicate either the existence or terms of the settlement agreement," Therefore, there exists no entitlement to an evidentiary hearing. See, also, Mackv. Polson Rubber Co. (1984), 14 Ohio St.3d 34; Silverman Co. v.Carter Assoc. (June 27, 1985), Cuyahoga App. Nos. 49307 and 49491.
 {¶ 17} In light of the above, this court cannot conclude that the lower court erred in failing to conduct an evidentiary hearing before another judge because there was no material dispute concerning the terms of the previously negotiated settlement agreement, nor did the appellants request an evidentiary hearing before another judge prior to the journalization of the lower court's judgment. As such, the appellants' first and second assignments of error are without merit.
 {¶ 18} The appellants' third and fourth assignments of error have a common basis in both law and fact, thus, they will be addressed together. They state:
 {¶ 19} "III. The Trial Court Erred In Denying The Parties The Right To Have Their Dispute Adjudicated By Trial By Sua Sponte Filing A Motion To Enforce The Settlement Agreement."
 {¶ 20} "IV. The Trial Court Erred By Filing Its Own Motion To Enforce The Settlement Agreement Because The Trial Court Does Not Have The Power To Sua Sponte File Such A Motion."
 {¶ 21} Essentially, the appellants argue that the lower court erred in converting the appellee's motion to vacate into a motion to enforce the settlement agreement and, in so doing, the appellants contend that the lower court deprived the parties of the right to have their dispute properly adjudicated. This argument is without merit.
 {¶ 22} First, the appellee originally filed a motion to vacate, which was sua sponte converted to a motion to enforce the settlement agreement by the lower court. In seeking enforcement of a settlement agreement, relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Ohio R.Civ.P. 15(E), setting out the alleged agreement and breach. A motion to enforce a settlement made pursuant to Ohio R.Civ.P. 15(E) may only be filed priorto the entry of a final judgment. (Emphasis added.) Thus, a motion to enforce a settlement is inappropriate after an entry adjudicating all the claims in dispute has been journalized.
 {¶ 23} Since the settlement agreement had not been formally journalized, the appellee's motion to vacate was improper in light of the fact that there was no agreement to vacate. Therefore, the lower court was correct in modifying the appellee's motion to vacate and treating said motion as a motion to enforce the settlement agreement, which is the proper avenue pursuant to Ohio R.Civ.P. 15(E).
 {¶ 24} This court cannot conclude that the lower court erred in modifying the original motion. In the case at hand, the formal entry of final judgment had yet to be journalized. As such, the lower court was well within its jurisdiction to modify said motion. Therefore, the appellants' third and fourth assignments of error are not well taken.
 {¶ 25} The appellants' fifth assignment of error states:
 {¶ 26} "V. The Trial Court Erred By Entering Judgment Enforcing A Purported Settlement Agreement Because The Trial Court Was Divested Of Jurisdiction Upon Defendant-Appellants Filing Of Their First Appeal."
 {¶ 27} The appellants' fifth assignment of error is hereby rendered moot since this court dismissed the previously filed appeal in Cuyahoga App. No. 81160 because the March 6, 2002 judgment entry was not a final appealable order. As such, the lower court had jurisdiction to entertain the instant matter.
James J. Sweeney, J., Concurs; Timothy E. Mcmonagle, P.J., Dissents(With Separate Dissenting Opinion)