{¶ 28} I respectfully dissent because the trial court: 1) did not have jurisdiction to enforce the settlement agreement in light of appellants' previously filed notice of appeal; 2) had no authority to convert appellee's motion to vacate judgment into a motion to enforce the settlement agreement; and 3) erred in enforcing the settlement agreement without referring the matter for an evidentiary hearing before another judge.
 {¶ 29} The record reflects that on April 11, 2002, after the trial court had entered an order converting appellee's motion to vacate judgment into a motion to enforce the settlement agreement, but prior to any "hearing" on appellee's motion, appellants filed a notice of appeal. In their notice of appeal, appellants appealed the trial court's journal entry dated March 12, 2002 in which the trial court ordered, "Matter settled. Agreement to follow. Costs to plaintiff," and dismissed the case with prejudice. In their notice of appeal, appellants summarized the issue for appeal as "whether the trial court erred in rendering a Stipulation for Dismissal and Judgment Entry asserting that the matter had been settled when, in fact, it had not." This appeal was assigned Case No. 81160.
 {¶ 30} On June 18, 2002, this court dismissed Case No. 81160 for lack of a final appealable order. While appellants' appeal was pending, however, on April 16, 2002, the trial court conducted an in-chambers meeting with appellee's counsel and appellants' new counsel regarding the motion to enforce the settlement agreement. The trial court concluded that the parties had earlier entered into a settlement agreement and, accordingly, on April 17, 2002, the trial court entered an order granting the motion to enforce the settlement agreement.
 {¶ 31} The majority asserts that the trial court had jurisdiction to enforce the settlement agreement since this court ultimately dismissed the appeal in Case No. 81160 because the March 6, 2002 judgment entry was not a final appealable order. It is a well-recognized principle, however, that:
 {¶ 32} "[O]nce an appeal has been perfected, the trial court loses jurisdiction over the matter, pending the outcome of the appeal. * * * This principle is limited to the extent that it is the area pertaining to the final order, judgment or decree sought to be reviewed which is divested from the trial court upon appeal. As to the remainder of the cause, the lower court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse a final order, judgment or decree from which the appeal has been perfected." Kanev. Ford Motor Co. (1984), 17 Ohio App.3d 111, 116.
 {¶ 33} Here, the issue on appeal was whether a settlement agreement had, in fact, been reached in the case. Therefore, upon the filing of appellants' notice of appeal on April 11, 2002, the trial court was divested of jurisdiction to render any further decisions regarding the enforceability of the purported agreement. It does not matter that the appeal was ultimately dismissed for lack of a final appealable order. While the appeal was pending, the trial court had no jurisdiction to consider matters relating to the settlement agreement. Therefore, the trial court's order granting the motion to enforce the settlement agreement is void ab initio.
 {¶ 34} Moreover, even assuming that the trial court retained jurisdiction after appellants' appeal was filed, the trial court erred in sua sponte converting appellee's motion to vacate judgment into a motion to enforce the settlement agreement. There is simply no authority or precedent for the trial court to sua sponte modify a motion in this manner and award relief that neither party requested.
 {¶ 35} Furthermore, even assuming that the trial court properly converted appellee's motion to vacate judgment into a motion to enforce the settlement agreement, it is apparent that the trial court erred in not referring the motion for hearing before another judge.
 {¶ 36} The syllabus in Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, states:
 {¶ 37} "Where the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment."
 {¶ 38} Whether the original trial judge or another judge conducts the hearing depends on whether or not the agreement was reached in the presence of the trial judge. Where the settlement agreement is arrived at by the parties in open court and the terms of the agreement are preserved either by being read into the record or being reduced to writing and filed, the judge may approve a journal entry adopting the agreement as his or her judgment. Bolen v. Young (1982), 8 Ohio App.3d 36, 37. Where the settlement agreement is "extrajudicial," however, in the sense that the trial judge is advised that the parties have agreed to a settlement, but he or she is not advised of the terms of the agreement, then the settlement agreement can be enforced only if the judge conducts a hearing and concludes that the parties entered into a binding contract. Id.
 {¶ 39} Where, however, the agreement was arrived at in the presence of the trial judge, but the terms are not memorialized in the record, there must be an evidentiary hearing before another judge. Id. "Such hearing is to be conducted by a judge who was not the trial court judge in the case below so that the original judge is free to testify as a witness at the hearing." Akbar Consulting Corp. v. M.J. Kelley Co.
(Feb. 15, 1990), Cuyahoga App. No. 58057.
 {¶ 40} In Teffer v. Heck (Dec. 10, 1992), Cuyahoga App. No. 61061, this court considered whether the original trial court judge erred in holding an evidentiary hearing to determine whether the parties had reached a settlement agreement. We concluded there was no error in holding the hearing before the original judge because he had nothing to do with working out the settlement and was not told the terms of the oral settlement agreement. We noted, however, that where a settlement is reached in the presence of the trial judge, but the terms are not memorialized in the record such that "the trial judge's recollection of the existence of, or the terms of, a settlement would be pertinent" to any dispute regarding the settlement, a hearing before another judge is necessary. Id.
 {¶ 41} Here, the journal entry dated April 17, 2002 granting the motion to enforce the settlement agreement clearly states, "The court was present for the settlement negotiations between the parties on March 6, 2002 * * *." Accordingly, an evidentiary hearing before another judge was required so that the original trial judge could testify regarding whether the parties had entered into an agreement, and whether that agreement included, as appellee contends, a term that appellant Feronti could not encumber his property without first obtaining appellee's consent.
 {¶ 42} The majority erroneously asserts that a hearing before another judge was not required because appellants "simply contest the inclusion of a single term in the agreement." Rather, appellants assert that no agreement was ever reached in this matter, much less an agreement that included the disputed provision. Therefore, the original trial judge's unbiased testimony regarding the parties' negotiations and subsequent agreement, or not, to the negotiated terms is essential to determining whether there was a settlement agreement in this case.
 {¶ 43} I realize what the trial judge was attempting to do by enforcing the settlement agreement that he worked so diligently to achieve. As stated by the Ohio Supreme Court in Continental WestCondominium Unit Owners Assn. v. Howard E. Ferguson, Inc. (1996),74 Ohio St.3d 501, 502, "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party. Further, settlement agreements are highly favored in the law." (Citations omitted.) Thus, "to permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though * * * the agreement is of binding force." Spercel v. SterlingInd., Inc. (1972), 31 Ohio St.2d 36, 40. Accordingly, in Spercel, the Ohio Supreme Court refused to allow the unilateral rescission of a settlement agreement solely on the basis that the party seeking rescission had changed his mind and become dissatisfied with the agreement.
 {¶ 44} Here, the record reflects that the parties had settlement discussions with the judge several times while the case was pending. The record also reflects that on March 6, 2002, the day of trial, counsel for the parties and the judge all signed a Stipulation for Dismissal and Judgment Entry, which stated that "the within matter has been settled" — significant evidence that the extensive settlement discussions had finally come to fruition. For appellants "to [now] argue that there was no agreement until a written agreement was signed is to say that the parties merely suspended the trial of the case while they made a further attempt at negotiating. The stipulation belies that contention * * *."Teffer, supra.
 {¶ 45} While I sympathize with the plight of the trial judge, nevertheless, because the agreement was entered into in the presence of the trial judge, any dispute regarding the existence or terms of a settlement agreement should have been resolved in an evidentiary hearing conducted by a judge other than the judge involved in the settlement discussions.
 {¶ 46} Accordingly, I would sustain appellants' fifth assignment of error. Because the trial court was divested of jurisdiction to enter any orders regarding the settlement agreement after appellants filed their notice of appeal, the trial court order granting the motion to enforce the settlement agreement is void ab initio. Therefore, I would remand this matter for further proceedings consistent with this opinion.