**KEISSER et al., Appellees,**

v.

**KEISSER et al., Appellants.**

[Cite as *Keisser v. Keisser,* 174 Ohio App.3d 720, 2008-Ohio-250.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–07–1068.

Decided Jan. 25, 2008.

Richard R. Malone and Milton E. Pommeranz, for appellees.

John J. McHugh III and Patrick A. Sadowski, for appellants.

HANDWORK, Judge.

{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas and is the result of intra-family litigation that was commenced in 2000. Briefly, the facts that are relevant to this appeal are as follows.

{¶ 2} In May 1986, plaintiff-appellant, Keith A. Keisser, and defendant-appellee, David S. Keisser, as equal partners, purchased, by means of a land-installment contract, Kingsmoor Professional Plaza, from their parents, David E. Keisser and Betty Keisser. Subsequently, however, David E. and Betty Keisser restructured the sale and, by general warranty deed, transferred a 52.5–percent interest in the plaza to appellee and, by a separate deed, transferred a 47.5–percent interest to appellant. Thereafter, the brothers/partners managed the property and leased it to commercial and professional tenants. Appellant and appellee also leased a suite in the plaza in which to conduct their business, Keisser Insurance Agency.

{¶ 3} The business relationship between Keith and David and the relationship between Keith and his father quickly deteriorated. The record reveals that the parties engaged in extensive litigation.[1] Appellant vacated or was constructively evicted from the Keisser Insurance Agency premises in December 1994. At that time, appellant filed his first petition for partition of the Kingsmoor Professional Plaza property and for an accounting of all transactions related to this property.

{¶ 4} In May 2000, appellant filed the complaint in the instant case.[2] He again asked the court to partition his interest in Kingsmoor Professional Plaza. In addition, he asked the court to find that appellee had breached his fiduciary duty to his partner by paying himself a monthly management fee from January 1994 until December 31, 2006. The amount of the fee was five percent of the gross rents received from Kingsmoor Professional Plaza. Appellant further (1) asserted that appellee had breached his fiduciary duty by failing to account for the rents and income received by the partners and the commission of "waste" upon the premises, (2) alleged that Betty Keisser and appellee had breached the terms of the land-installment contract by deeding less than a one-half interest in Kingsmoor Professional Plaza to appellant, and (3) raised claims of abuse of

---

1. Any pending litigation between the parties was consolidated with the instant case.

2. Keith's wife, Melissa J. Keisser, was also named a plaintiff in this cause. Also named as defendants were David's wife, Mary Keisser; Keith and David's mother, Betty Keisser, individually, and as the executor of the estate of David E. Keisser; Mid–Am Bank; the Treasurer of Lucas County; and John Doe, the Trustee of the David S. Keisser Revocable Living Trust. Keith Keisser, however, is the only plaintiff who filed a notice of appeal on a single issue that involves only his brother, appellee David E. Keisser.

process, interference with appellant's business relationships, intentional infliction of emotional distress, and defamation of appellant in his business occupation.

{¶ 5} Over the next several years, the parties were able to reach an accord on almost all of the issues raised in the consolidated case. On January 22, 2007, a hearing was held before the trial judge, and the agreement pertaining to the remaining issues was put on the record. As part of the agreement, appellee stipulated that he was to pay appellant 47.5 percent of the management fee collected by appellee between January 1994 and December 31, 2006. This amount, totaling $95,000, was paid to appellant.

{¶ 6} Appellant, however, wanted the common pleas court to award him prejudgment interest on the $95,000, commencing in January 1994 and due and owing through the year 2006. He claimed that the collection of the management fee by appellee violated R.C. 1775.17(F). Appellee disagreed. Consequently, the decision of whether appellant was entitled to prejudgment interest was left to the trial judge. A second matter that was to be determined by the trial court was additional damages, if any, owed to appellant as the result of appellee's breach of his fiduciary duty by paying below-market rent for the suite leased by Keisser Insurance Agency from January 1994, the date appellant vacated the premises, through December 2006. The parties submitted briefs on these issues.

{¶ 7} On February 1, 2007, the trial court entered a judgment finding that appellant was not entitled to prejudgment interest. The court further held that appellee was paying a reasonable rent for the suite occupied by Keisser Insurance Agency and, thus, was not engaging in "self-dealing," i.e., was not breaching his fiduciary duty to his brother/partner. Appellant appeals this judgment and maintains that the following error occurred in the proceedings below:

{¶ 8} "The trial court erred as a matter of law in declining to award prejudgment interest."

{¶ 9} On appeal, appellant again argues that appellee violated R.C. 1775.17(F) and, therefore, he is entitled to prejudgment interest. We first note that appellee contends that there is no "judgment" upon which the court could impose prejudgment interest. We disagree. On January 29, 2007, the trial court entered a judgment setting forth stipulations and agreements entered into by the parties. The court then specifically held: "IT IS further ORDERED that the Stipulation read into the record on January 22, 2007 be and it hereby is entered as the order and judgment of the court, and the parties are ordered to comply therewith * * *."

{¶ 10} A settlement agreement that is voluntarily entered into in the presence of the trial court will thereafter be binding and enforceable as to the parties. *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285

N.E.2d 324, paragraph one of the syllabus; *Bolen v. Young* (1982), 8 Ohio App.3d 36, 37, 8 OBR 39, 455 N.E.2d 1316. Where such an agreement is entered into the record, the trial court can enter a judgment that reflects the agreement. Id. Thus, at the time that the court entered the "stipulation," which was actually an agreement on the part of appellee to pay appellant his share of the management fees, on its journal, that agreement became a binding judgment of the trial court. Accordingly, appellee's arguments are without merit.

{¶ 11} R.C. 1343.03(A) states that a creditor is entitled to an award of prejudgment interest at a rate per annum determined under R.C. 5703.47 from the date that "money becomes due and payable * * * *upon any settlement between parties,* upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction." (Emphasis added.)

{¶ 12} R.C. 1343.03(A) does not vest the trial court with discretion to award prejudgment interest; instead, the statute grants prejudgment interest whenever an award is necessary to fully compensate a party. *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 117, 652 N.E.2d 687. To make the aggrieved party whole, compensation, that is, prejudgment interest, is awarded "for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court." Id. at 116, 652 N.E.2d 687.

{¶ 13} Here, appellee allegedly violated R.C. 1775.17(F), which provides:

{¶ 14} *"No partner is entitled to remuneration for acting in the partnership business,* except that a surviving partner is entitled to reasonable compensation for the partner for the partner's services in winding up the partnership affairs." (Emphasis added.)

{¶ 15} The business of the partnership in this cause was, admittedly, to obtain tenants for Kingsmoor Professional Plaza and to retain tenants currently leasing in Kingsmoor Professional Plaza. Thus, appellee was not entitled to any remuneration in the form of a five-percent fee for the management of that business, which includes maintenance of this property, so that the partnership goal could be achieved. Accord, *Teri Invest. Co. v. Danaceau* (Dec. 7, 1984), 11th Dist. No. 1151, 1984 WL 6464. Thus, the five-percent fee taken by appellee did violate R.C. 1775.17. Therefore, upon the settlement of this cause, the trial court was required to award prejudgment interest to appellant. Consequently, under R.C. 1343.03(A), the only issue for resolution by the court below was the precise time that appellee began taking the "management fee" and how much interest is

due. *Zunshine v. Cott,* 10th Dist. No. 06AP–868, 2007-Ohio-1475, 2007 WL 926969, ¶ 26.

{¶ 16} Appellant's sole assignment of error is found well taken. The judgment of the Lucas County Court of Common Pleas as it relates to prejudgment interest is reversed, and this cause is remanded to that court for further proceedings consistent with this judgment. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed
and cause remanded.

PIETRYKOWSKI, P.J., and SKOW, J., concur.