IN RE DISQUALIFICATION OF UNRUH.

MYATT ET AL. *v*. MYATT ET AL.

[Cite as *In re Disqualification of Unruh,*

127 Ohio St.3d 1244, 2010-Ohio-5960.]

*Judges — Affidavit of disqualification — Disqualification ordered.*

(No. 09-AP-120 — Decided January 25, 2010.)

ON AFFIDAVIT OF DISQUALIFICATION in Summit County Court of Common Pleas

Case No. CV-2007-12-8610.

————————————

**MOYER, C.J.**

{¶ 1} Defendants Daniel and Denise Myatt have filed affidavits with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Brenda Burnham Unruh from further proceedings in case No. CV-2007-12-8610, a civil action in the Court of Common Pleas of Summit County.

{¶ 2} The allegations in the affidavits stem from Judge Unruh's participation in mediation and settlement negotiations for the parties. In July 2008, the parties engaged in extensive negotiations during a status conference. At the conclusion of negotiations, the parties apparently advised Judge Unruh that they had reached a settlement, and the judge subsequently ordered the case settled and dismissed. Upon circulation of the settlement documents, the affiants (who were defendants below) refused to sign the documents because they disputed whether an agreement had been reached and whether the documents accurately reflected the content of the settlement discussions. After the parties were unable to execute the settlement documents, the judge granted the plaintiffs' motion to enforce the settlement agreement.

**{¶ 3}** The affiants appealed, and the court of appeals reversed the judge's decision to grant the motion to enforce the settlement agreement. The court of appeals found that a dispute existed as to whether the parties had reached a settlement and, if an agreement had been reached, whether the settlement documents accurately reflected the terms of the agreement. Accordingly, the court of appeals remanded the case to the trial court for an evidentiary hearing on the disputed settlement agreement. *Myatt v. Myatt*, Summit App. No. 24606, 2009-Ohio-5796, ¶ 13.

**{¶ 4}** Affiants now contend that Judge Unruh should be disqualified because she is no longer impartial, has a personal bias, and has obtained personal knowledge of disputed facts. Affiants additionally allege that the judge is likely to be a material witness in the proceeding.

**{¶ 5}** Judge Unruh has responded in writing to the concerns raised in the affidavit of disqualification. The judge concedes that she has provided extensive mediation assistance and facilitated settlement negotiations in the underlying case, but she maintains that this will not affect her ability to remain fair, impartial, and unbiased in further proceedings. She states that she has engaged in many settlement negotiations in her tenure as a judge and that there is nothing unusual or different about this case that will affect her impartiality.

**{¶ 6}** For the following reasons, I find that Judge Unruh must be disqualified from presiding over the evidentiary hearing on the motion to enforce the settlement agreement. In *Bolen v. Young* (1982), 8 Ohio App.3d 36, 8 OBR 39, 455 N.E.2d 1316, the Tenth District Court of Appeals held that when a settlement agreement has been agreed to by the parties in the presence of the judge but its terms are not memorialized on the record, the judge cannot adopt his or her own understanding of the agreement in the form of a judgment entry if a dispute arises regarding the specific terms of the agreement. Instead, the party disputing the agreement is entitled to an evidentiary hearing before another judge

in which the original trial judge may be called as a witness to testify as to the judge's recollection and understanding of the terms of the alleged agreement. Id. at 37-38.

{¶ 7} The same situation presents itself in the underlying action. The parties allegedly reached a settlement agreement in Judge Unruh's presence. The discussions between the judge and the parties regarding settlement did not take place on the record, and it is unclear whether a settlement agreement was reached in the first instance or whether the settlement documents accurately reflected the terms of the alleged agreement. Thus, under *Bolen*, Judge Unruh cannot conduct the evidentiary hearing, because there is a significant likelihood that she will be called to testify as to her "recollection and understanding of the terms of the agreement." Id. at 37.

{¶ 8} Based on the foregoing, I am compelled to order Judge Unruh's disqualification from presiding over the upcoming evidentiary hearing on the motion to enforce the settlement agreement. See *In re Disqualification of Bond* (2001), 94 Ohio St.3d 1221, 763 N.E.2d 593 (disqualification ordered where it appeared that the judge would be called to testify). However, my disqualification order applies only to that hearing. Affiants have not shown that Judge Unruh harbors any bias, prejudice, or other disqualifying interest that would necessitate her disqualification from further proceedings beyond the evidentiary hearing.

{¶ 9} The Summit County Court of Common Pleas shall therefore assign another judge of that court to preside over the evidentiary hearing on the motion to enforce the settlement agreement.

_____